### 33748. HALL v. HALL.

HALL, Justice.

Mr. Hall appeals from an order of the Bartow County Superior Court finding him in wilful contempt for failure to pay alimony. The amounts unpaid were primarily mortgage payments and taxes on the home occupied by his former wife and their children.

On this appeal, Mr. Hall urges that the trial judge should have recused himself under Canon 3C (1) (b) of the Code of Judicial Conduct, because this matter was one in which his former law partner had served as counsel for Mrs. Hall during their association. Mr. Hall also disputes the wilfulness of his failure to pay, arguing that he was without funds to do so and thus was protected by Code § 24-105 (1) from imprisonment for contempt.

1. The trial judge did not err in refusing to recuse himself. Mr. Hall's evidence did not show that Mrs. Hall's representation by the judge's former partner began before the judge left the association for the bench, and the ground for disqualification was therefore not proved.

2. The evidence failed to show any effort on Mr. Hall's part to pay the mortgage and tax amounts falling due subsequent to a former contempt action on which he was jailed, despite the fact that since that time his financial circumstances had somewhat improved. Also, Mr. Hall's evidence showed only his salary and the financial demands thereon, and failed to show the absence of other assets or savings from which the amounts owed might have been obtained. His evidence also failed to show any attempt to supplement his income to meet the obligations he voluntarily undertook to his former wife in the agreement upon which the alimony award was based.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 16, 1978 — DECIDED SEPTEMBER 5, 1978.

*James A. Satcher, Jr.,* for appellant.
*William T. Elsey,* for appellee.