56209. THOMPSON v. CLARKSON POWER FLOW, INC. et al.
56210. SOUTHWEST GREASE & OIL (OMAHA), INC. v. CLARKSON POWER FLOW, INC. et al.

WEBB, Presiding Judge.

1. On the first appearance of this case (*Thompson v. Clarkson Power Flow, Inc.,* 147 Ga. App. 770 (1978)), we held that the appeals should be dismissed because even though the trial court had made a determination of finality pursuant to CPA § 54(b) (Code Ann. § 81A-154 (b)), the dismissals of the third-party complaints, which left the main action still pending, did not meet the separate, self-contained definition of "final" prescribed by the Appellate Practice Act — "where the cause is no longer pending in the court below." Code Ann. § 6-701(a) (1).

On certiorari the Supreme Court reversed and remanded "for further proceedings not inconsistent with *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242 (248 SE2d 641) (1978), and *Walker v. Robinson,* 232 Ga. 361 (207 SE2d 6) (1974), which clearly show Code Ann. §§ 6-701 (a) (1) and 81A-154 (b) are to be construed together so that a determination of finality under the latter satisfies the finality requirement of the former." *Southwest Grease &c. (Omaha) v. Clarkson Power Flow,* 243 Ga. 140 (1979). On

the first appearance we were unable to find such a holding in the cited cases,[1] but we take it we are meant to do so now by virtue of the above order reversing and remanding.

Thus while the legislature has specifically repealed the old interlocutory appeal procedure which had allowed the trial courts, in their sole discretion, to certify interlocutory orders for immediate review, and has enacted in its place a new interlocutory appeal procedure requiring joint action of the trial and appellate courts (Code Ann. § 6-701 (a) (2)), that statute is now rendered meaningless and superfluous by the new rule announced above which once again commits the matter solely to the trial courts.

2. Much the same sentiment is directed by the third-party defendant to the judicial treatment of the Long Arm Statute, Code Ann. § 24-113.1. Those contentions, while consistent with this court's interpretation in *O'Neal Steel, Inc. v. Smith,* 120 Ga. App. 106 (169 SE2d 827) (1969), as well as with that of the commentators (note, 11 Ga. L. Rev. 149, 176), must be addressed to the tribunal having the power for a meaningful confrontation of *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399) (1973).

*Judgments reversed. Deen, C. J., Quillian, P. J., Smith, Shulman, Banke and Birdsong, JJ, concur. McMurray, J., concurs in the judgment only.*

DECIDED FEBRUARY 21, 1979 —
REHEARING DENIED MARCH 13, 1979 —

---

[1] *Walker v. Robinson,* 232 Ga. 361, supra, as well as many other cases, holds that there is *no* finality where the court does *not* make the § 54 (b) determinations. However, it does not follow from that that the order *is* final for appeal purposes where the court *does* make them. This argument is itself invalid as a matter of form, no matter in what clothes it may appear, being known as the "fallacy of denying the antecedent." Copi, Introduction to Logic, 252; 295 (5th Ed., MacMillan & Co., N. Y. 1978).

*Nicholas C. Moraitakis, Donald M. Fain,* for appellant (Case No. 56209).

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, J. M. Hudgins, IV, Ben S. Williams,* for appellant (Case No. 56210).

*Brown & Romeo, Robert Romeo, Sidney F. Wheeler, J. M. Hudgins, IV, Wehunt & Eason, Richard B. Eason, Jr., N. Forest Montet, Sam F. Lowe, III, Linde, Thompson, Fairchild, Langworthy & Kohn, Robert B. Langworthy,* for appellees, (Case No. 56209).

*Nicholas C. Moraitakis,* for appellees (Case No. 36210).