68113. STEVENS v. MORRIS COMMUNICATIONS CORPORATION et al.

DEEN, Presiding Judge.

It appears that on January 22, 1983, an article written by the appellee Susan Respess appeared in the *Florida Times Union*, a newspaper owned by the appellee Morris Communications Corporation. The article briefly summarized the events at a recent meeting of

the St. Marys, Georgia, City Council. Members of the Gillman Hospital Authority, which owned and managed St. Marys Convalescent Center, had appeared at the meeting to discuss the problems of maintenance and disrepair at the convalescent center. Towards its conclusion, the article indicated that "[t]he authority's attorney is Lucinda Stevens."

Lucinda Stevens, the appellant here, then commenced this libel action against the appellees, alleging that the article had defamed her by implying her responsibility for the convalescent center's problems. The appellees moved to dismiss the complaint for failure to state a claim and because the publication as a matter of law was not libelous. Immediately before the hearing on the motion to dismiss, the appellant moved for the trial judge to recuse himself. No affidavit to support the motion was submitted. From the trial court's denial of that motion to disqualify and grant of the appellees' motion to dismiss, Lucinda Stevens appeals. *Held*:

The appellant contends that the trial court erred in not getting another judge to hear and determine the motion to disqualify. The Supreme Court has held "the federal rule on motions to recuse [28 USCA § 144] to be the most acceptable, that is, when a trial judge in a case pending in that court is presented with a motion to recuse *accompanied by an affidavit*, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980). (Emphasis supplied.)

The federal rule also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 USCA § 144. An affidavit is insufficient if it contains mere conclusions rather than showing facts indicating the judge's personal (rather than judicial) bias. United States v. Bray, 546 F2d 851 (10th Cir. 1976). Clearly, an affidavit in support of a motion to recuse is essential to activate this procedure.

While the appellant asserts in her brief that the trial judge was personally biased against her and accuses the judge of previously having held her in contempt of court and thereafter watching the sheriff and a host of his deputies brutally and savagely beat her in his chambers, she failed to submit any such affidavit along with the motion to recuse. She explains in her brief that she had received a court calendar only a day or two before the scheduled hearing, and for that reason had insufficient time to prepare the necessary affidavit. She had time to prepare the actual motion for recusal before the hearing, how-

ever, and we do not find her explanation sufficient to excuse her failure to submit the necessary affidavit as well; accordingly, the trial court, not having before it an affidavit the legal sufficiency of which to determine, was not required to assign the matter of recusal to another judge.

Concerning the merits of the case, the trial court certainly was correct in dismissing the appellant's patently absurd complaint. Under the reasonable man test it is highly improbable a person could read the newspaper article, which merely identified the appellant as the attorney representing a hospital authority involved with correcting certain poor conditions existing at a nursing home owned by the authority, as defamatory.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 2, 1984.

*Lucinda Stevens*, pro se.
*David E. Hudson, Harold B. Wahl,* for appellees.