70396, 70397. QUARTERMAN v. MEMORIAL MEDICAL CENTER et al. (two cases).
(335 SE2d 589)

BENHAM, Judge.

In 1980, appellant brought suit against the appellees. All three defendants were granted summary judgment in 1981. In *Quarterman v. Quarterman*, 170 Ga. App. 376 (317 SE2d 206) (1984), this court dismissed appellant's appeal from those summary judgments and from a motion to set aside those judgments, holding that appellant's failure to file a timely notice of appeal prevented this court from obtaining jurisdiction. In 1984, appellant filed a petition in equity to vacate and set aside the earlier summary judgments. During the pendency of this action, appellant filed a motion seeking the recusal of the trial judge. The appeal in Case No. 70396 is from the denial of the motion to recuse; Case No. 70397 concerns the grant of summary judgment to all defendants in the action to vacate the earlier judgments.

1. The question of recusal is controlled adversely to appellant by *Stevens v. Morris Communications Corp.*, 170 Ga. App. 612 (317 SE2d 652) (1984). There, as here, the movant filed a motion to recuse without an accompanying affidavit setting forth facts and the reasons for the movant's belief that bias or prejudice exists. The absence of the affidavit was fatal since "an affidavit in support of a motion to recuse is essential to activate this procedure." Id. at 613. Appellant's motion being unsupported, the trial court did not err in denying it.

2. The basis of appellant's petition to vacate the 1981 judgments is that the trial court erroneously failed to grant him a continuance of the summary judgment hearing. Pleadings from the former case, introduced into the record of this case, show that the same contention was the basis of appellant's 1981 motion to set aside the summary judgments, a motion which was decided adversely to appellant.

"OCGA § 9-12-40 . . . provides that '(a) judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the

rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' The doctrine of res judicata applies even where the earlier judgment was a default judgment or a summary adjudication. [Cit.]" *Morgan v. Dept. of Offender Rehabilitation*, 166 Ga. App. 611 (2) (305 SE2d 130) (1983).

Appellant's sole argument here is that since this court did not affirm the denial of his 1981 motion to set aside, that judgment has no res judicata effect. Appellant seems to have misread the statute: it does not say that a judgment is conclusive only when affirmed, but that it is conclusive until it is "reversed or set aside." The order denying appellant's 1981 motion to set aside, a motion based on the same theory and facts as appellant's 1984 petition in equity, has not been reversed or set aside and is conclusive on the issues raised in this case. Summary judgment for appellees was proper.

*Judgments affirmed. Banke, C. J., and McMurray, P. J., concur.*

Decided September 3, 1985 —
Rehearing denied September 19, 1985 — 

Kenneth B. Quarterman, *pro se.*

James O. Wilson, Jr., Arnold C. Young, William Prather, Luhr G. C. Beckmann, Jr., John H. Oldfield, Jr., for appellees.