44061. ISAACS v. THE STATE.
44062. DUNGEE v. THE STATE.
44063. COLEMAN v. THE STATE.
(355 SE2d 644)

PER CURIAM.

Appellants Isaacs, Dungee, and Coleman are accused of murdering six members of a family in Seminole County in 1973. They were convicted of the murders and sentenced to death,[1] but habeas relief was granted by the United States Court of Appeals for the Eleventh

---

[1] *Isaacs v. State,* 237 Ga. 105 (226 SE2d 922) (1976); *Dungee v. State,* 237 Ga. 218 (227 SE2d 746) (1976); *Coleman v. State,* 237 Ga. 84 (226 SE2d 911) (1976).

Circuit.[2] Their cases have been remanded, and the state is again seeking the death penalty. All of the judges from the Pataula Judicial Circuit, which includes Seminole County, recused themselves, and a superior court judge from another judicial circuit, the Honorable Walter C. McMillan, Jr., has been assigned to conduct their trials. The instant appeals concern motions to recuse which each of the co-defendants has brought against Judge McMillan. Another superior court judge, the Honorable A. Blenn Taylor, Jr., was assigned to hear the motions to recuse, and after conducting an evidentiary hearing Judge Taylor entered an order denying the motions. Appellants applied to this court for interlocutory review, which we granted. We reverse the judgment denying the motions to recuse.

At the commencement of the recusal proceedings Judge McMillan attempted to participate as a party defendant, but Judge Taylor disallowed his attempt and excluded him from the courtroom under the rule of sequestration. An attorney whom Judge McMillan had retained as counsel was allowed to stay in the courtroom. During the remainder of the trial the attorney observed the proceedings, attended bench conferences, conferred with attorneys for the state, and supplied those attorneys with suggested questions to pose to witnesses. The appellants contend that Judge McMillan's impartiality may reasonably be questioned based on this conduct. See Code of Judicial Conduct, Canon 3 (C) (1).

Our determination of this issue depends on what is the proper role of a judge at whom a motion to recuse is directed once the motion has been reassigned for hearing. The procedure for determining recusal motions was adopted in *State v. Fleming*, 245 Ga. 700 (267 SE2d 207) (1980), and later was codified in Uniform Superior Court Rule 25, eff. July 1, 1985. However, Rule 25 is silent on whether the challenged judge may participate in the hearing. As there is no express guideline, it is our task to fashion an appropriate rule based on the public policy which Rule 25 and the Code of Judicial Conduct are designed to serve.[3]

There are strong arguments against allowing a judge to participate as a party defendant. The fact that a judge's impartiality might

---

[2] *Isaacs v. Kemp*, 778 F2d 1482 (11th Cir. 1985) (Isaacs and Dungee), reh. den. 782 F2d 896 (1986); *Coleman v. Kemp*, 778 F2d 1487 (11th Cir. 1985), reh. den. 782 F2d 896 (1986).

[3] See generally Comment, Disqualification of Federal Judges for Bias or Prejudice, 1978, 46 U.Chi.L.Rev. 236; Note, Disqualification of a Federal District Judge for Bias — The Standard under Section 144, 1933, 57 Minn.L.Rev. 749; Note, Disqualification of Judges and Justices in the Federal Courts, 1973, 86 Harv.L.Rev. 736; Note, Caesar's Wife Revisited — Judicial Disqualification after the 1974 Amendments, 1977, 34 Wash. & Lee L.Rev. 1201; Comment, Disqualification of Federal District Judges — Problems and Proposals, 1976, 7 Seton Hall L.Rev. 612; Note, Judicial Disqualification in the Federal Courts: A Proposal to Conform Statutory Provisions to Underlying Policies, 1982. See also 13A Wright, Miller & Cooper, Federal Practice and Procedure, §§ 3541 to 3553 (2d ed. 1984 and 1986 pocket pt.).

reasonably be questioned is sufficient for disqualification. *Birt v. State*, 256 Ga. 483 (4) (350 SE2d 241) (1986); *King v. State*, 246 Ga. 386, 390 (7) (271 SE2d 630) (1980). A judge may not become so involved in a controversy that his objectivity could reasonably be questioned. See *In re Crane*, 253 Ga. 667 (1) (324 SE2d 443) (1985) (contumacious conduct directed at a judge). A judge has no interest in sitting on a particular case; at most, his interest lies in protecting his own reputation. His efforts at defending himself against a motion to recuse will inevitably create an appearance of partiality. One reason is that if he defends himself he becomes an adversary of the movant for recusal. This adversarial posture may create an antipathy which persists after the motion to recuse is denied.

We recognize that judges may be sorely tempted to respond to motions to recuse which they perceive as gratuitously defamatory. We also recognize that a judge who actively resists recusal may be fully capable of even-handedly presiding if the motion is denied. Nevertheless, we think that these factors are heavily outweighed by the necessity of preserving the public's confidence in the judicial system. We therefore hold that after a legally sufficient motion to recuse has been assigned for hearing, the judge against whom the motion is directed may not oppose the motion.

In the cases under consideration, Judge McMillan was not a party per se to the motions to recuse, but his attorney actively opposed the motions. Because of this activity, Judge McMillan's impartiality might reasonably be questioned. Accordingly, Judge Taylor erred in denying the motions to recuse, and the cases must be remanded for reassignment to another judge. The remaining contentions of the appellants are without merit.

*Judgments reversed. All the Justices concur. Weltner, J., disqualified.*

DECIDED APRIL 29, 1987 —
RECONSIDERATION DENIED JUNE 4, 1987.

*Jackson & Schiavone, G. Terry Jackson, Michael G. Schiavone,* for appellant (case no. 44061).
*Stephen B. Bright, Carla J. Friend, Michael Kennedy McIntyre,* for appellant (case no. 44062).
*Kenneth Kondritzer, Charles C. Grile,* for appellant (case no. 44063).
*Charles M. Ferguson, District Attorney, William B. Hill, Jr., Susan V. Boleyn, Special Assistant District Attorneys, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General,* for appellee.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield,* amicus curiae.