76056. PATTERSON v. BUTLER et al.
(371 SE2d 268)

Banke, Presiding Judge.

The appellant filed suit against the five members of the Clayton County Board of Commissioners, the Solicitor of the Clayton County State Court, a Clayton County magistrate, and various Clayton County administrative officials and police officers, including the director of the police department, alleging that they had engaged in a conspiracy to close a lounge which he operated by subjecting him to unfounded charges of license violations and to other acts of harassment. During the pendency of the action, the appellant filed two separate motions seeking the recusal of the trial judge on the ground that his impartiality was called into question by certain actions and associations stemming from his past service as Clayton County District Attorney. The trial judge denied these motions summarily, without referring them to another judge, but certified the denial of the second motion for immediate review. The case is currently before us pursuant to our grant of the appellant's application for an interlocutory appeal.

In his first recusal motion and supporting affidavit, the appellant asserted that because the judge, while serving as district attorney, had utilized the services of county police personnel in seeking restraining orders against such activities as rock concerts and bingo games, reasonable persons might question his ability to preside impartially over a suit to recover damages against other county officials and police officers based on their attempts to restrict similar activities in connection with the operation of his (the appellant's) lounge, where such forms of entertainment as pool tables, video games, and live rock music had been offered. In his second recusal motion, the appellant challenged the judge's impartiality on the basis of his past professional, political, and personal association with one of the defendants, the current director of the police department, who had served as chief investigative assistant for the district attorney's office during the judge's tenure there and had worked in the judge's political campaigns during that period. *Held:*

1. "To warrant disqualification of a trial judge the affidavit supporting the recusal motion 'must give fair support to the charge of a

bent of mind that may prevent or impede impartiality of judgment.' *Berger v. United States*, 255 U. S. 22, 33-34 (41 SC 230, 65 LE 481) (1921)." *Jones v. State*, 247 Ga. 268, 271 (4) (275 SE2d 67) (1981), cert. den. 454 U. S. 817 (102 SC 94, 70 LE2d 86). "[W]hen a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse. . . . [I]t is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge. [Cit.]" *State v. Fleming*, 245 Ga. 700 (1), 702 (267 SE2d 207) (1980). See also *Hardman v. Hardman*, 185 Ga. App. 519, 520 (3) (364 SE2d 645) (1988).

The appellant does not suggest that the trial judge harbors any personal bias or prejudice against him, nor that he has any financial interest in the outcome of the case, nor that he has a prohibited familial relationship with any party to the case. See generally Canon 3 C (1) of the Code of Judicial Conduct, 231 Ga. 897, 900. Instead, the appellant calls the judge's impartiality into question *solely* on the basis of allegations that his *past* activities and associations while serving as district attorney involved many of the police officers and county officials who are named in the complaint as defendants. There is no suggestion that any of these activities and associations involved the events giving rise to this litigation, nor is there any suggestion that the judge has otherwise had any involvement or connection with the events at issue in this case. Under such circumstances, we cannot agree that the judge's past service as district attorney is sufficient to call into question his ability to preside impartially over the present case. Accord *Hall v. Hall*, 242 Ga. 15 (247 SE2d 754) (1978) (appearance of impropriety not created by the mere fact that one of the parties to the litigation is or has been represented by a former law partner of the judge). Indeed, were we to accept the appellant's reasoning, the judge would be required to recuse himself, or at least refer the issue of his impartiality to another judge, in all criminal proceedings, particularly those in which county police officers were involved. Believing that such a result would be unreasonable in the extreme, we hold that the plaintiff's two recusal motions were properly denied.

2. The appellant's remaining enumerations of error were not within the scope of his application for interlocutory review and consequently will not be addressed.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Carley, Pope, and Benham, JJ., concur. Sognier and Beasley, JJ., dissent.*

742

BEASLEY, Judge, dissenting.

Appellant's first motion to recuse accompanied by his own affidavit was filed on the basis that the judge's impartiality "might reasonably be questioned" because court records revealed that while he was district attorney of Clayton County he prosecuted cases in which he frequently utilized Clayton County police officers as witnesses and investigators; that in one of these cases he sought a restraining order to prevent continuation of rock concerts at Lake Spivey Amusement Park; that in another case he sought to restrain the operation of bingo games; and that since appellant offered pool tables, video games and occasional rock concerts at his lounge, reasonable persons could well believe that he had no chance for a fair trial before a judge who as district attorney had been so extensively involved with the defendants in the plaintiff's action. The judge denied the motion, finding that it was not timely filed and was insufficient as a matter of law to authorize recusal.

After undertaking discovery, appellant filed a second motion to recuse and affidavit against the judge, asserting essentially the same grounds and also challenging the judge's impartiality due to his past close professional, political and personal association with the *defendant* Director of Police Service, who had been his chief investigative assistant when the judge was district attorney. The second motion was also denied on the ground that the facts alleged were insufficient to authorize recusal.

The only ground pertinent is whether the judge's impartiality might reasonably be questioned. See *Birt v. State*, 256 Ga. 483 (4) (350 SE2d 241) (1986); *Moon v. State*, 154 Ga. App. 312 (4) (268 SE2d 366) (1980).

USCR 25.2 (253 Ga. 841) is a restatement of the principles set forth in *State v. Fleming*, 245 Ga. 700, 702 (1) (267 SE2d 207) (1980). OCGA § 15-1-8 and Canon 3 C of the Code of Judicial Conduct (251 Ga. 897, 900) also establish the grounds for disqualification of a judge. The commentary following subsection (1) (b) of Canon 3 pinpoints the heart of the matter here when it refers to the judge's prior activities and associations as a lawyer which "might reasonably" raise question as to impartiality in the current proceeding. Canon 2 (251 Ga. 897) likewise provides that judges must avoid all "appearance of impropriety." Thus "[i]t is not necessary that there be shown 'any actual impropriety on the part of the trial court judge. The fact that his impartiality "might reasonably be questioned" suffices for his disqualification.' *King v. State*, 246 Ga. 386, 390 (7) (271 SE2d 630) (1980)." *Birt v. State*, 256 Ga. 483, 486, supra. Accord *Isaacs v. State*, 257 Ga. 126 (355 SE2d 644) (1987).

The conundrum posed by a motion to recuse is, in effect, whether a judge can judge himself. In cases where a judge's impartiality might

reasonably be questioned, which question embraces subjective rather than merely objective facts, he cannot. Whether his past relationships as alleged would affect his impartiality in the eyes of the parties and of the public would be difficult, if not impossible, for him to judge from a distance.

The Supreme Court in *Isaacs* has determined that a challenged judge's "efforts at defending himself against a motion to recuse [himself] will inevitably create an appearance of partiality [in that] . . . he becomes an adversary of the movant for recusal. . . . We recognize that judges may be sorely tempted to respond to motions to recuse which they perceive as gratuitously defamatory. We also recognize that a judge who actively resists recusal may be fully capable of even-handedly presiding if the motion is denied. Nevertheless, we think that these factors are heavily outweighed by the necessity of preserving the public's confidence in the judicial system." Id. at 128.

The facts alleged in appellant's motions and affidavits, taken in the context of the nature of his lawsuit, are legally sufficient to raise at least plausibly an appearance of impropriety so as to require the trial judge to assign the motion to another judge for a hearing and ruling on the matter. *Isaacs*, supra; *Birt*, supra at (3) and (4). Compare *Bouldin v. State*, 179 Ga. App. 394 (2) (346 SE2d 871) (1986); *Stevens v. Morris Communications Corp.*, 170 Ga. App. 612 (317 SE2d 652) (1984). If "[t]he fact that a judge's impartiality might reasonably be questioned is sufficient for disqualification," as cited in *Isaacs*, supra at 127-128, then surely it is sufficient as a preliminary for at least deferring to another judge the determination of that question. Accordingly, the order should be reversed and the case remanded for proceedings consistent with what is outlined here, as well as USCR 25.3 and 25.5.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED JULY 7, 1988.

*James T. Patterson, Sr.*, pro se.
*Gary H. Brakefield*, for appellees.