A96A0171. BUTLER v. BIVEN SOFTWARE, INC. et al.
(473 SE2d 168)

BIRDSONG, Presiding Judge.

Michael B. Butler is the defendant in this legal malpractice suit. Plaintiffs seek more than $9,000,000. The trial court gave default judgment against Butler for abuse of discovery and struck his counterclaims. The record contains more than 3,175 pages. On appeal Butler contends he repeatedly and timely produced all discovery

demanded and ordered, and that he was deposed five times and did not refuse to make himself available to be deposed again.

After his former clients (plaintiffs) hired new counsel in the underlying lawsuits, Butler filed a lien for $181,537.50 on the proceeds of that suit. New counsel settled that suit in April 1993 and this malpractice suit was filed one month later, upon a malpractice affidavit filed by plaintiffs' new counsel. Extensive discovery ensued. Butler produced more than 5,000 documents. Nevertheless, plaintiffs filed eight discovery motions.

In November 1994 the trial court ordered, "Absent good cause shown, *all motions, except motions in limine, shall be filed on or before January 23, 1995.*" (Emphasis supplied.) In December 1994 Butler moved for partial summary judgment, saying plaintiffs could not recover against him for their "low" settlement, for their damage was caused by the voluntary settlement entered for them by new counsel, who is also the expert affiant in this malpractice suit. See *Rogers v. Norvell*, 174 Ga. App. 453, 457 (330 SE2d 392). The trial court ruled Butler's motion was filed too late.

In a letter to the court, Butler contended the judge's refusal to consider his summary judgment motion was based on an "erroneous representation by Robert Goldstucker, counsel for plaintiffs, that the court had signed an order [requiring] all motions, including motions for summary judgment, to be filed by October 30, 1994." The court issued an order saying the court's November 1994 order requiring the parties to file all motions on or before January 23, 1995 "applied to all motions *other than* the summary judgment motion, as that motion had been specifically addressed in the status conference of June 1994 [where all parties agreed the motion] would be filed by October 30, 1994." The court then denied Butler's motion for partial summary judgment. Butler's former counsel, however, wrote a letter to the judge refuting that any October 30, 1994 deadline for Butler's motion for summary judgment was ever discussed as stated by the judge.

Butler filed a motion to recuse the judge, saying he had learned of a "secret oral order allegedly prepared by Robert Goldstucker" which set an October 30, 1994 deadline for Butler's motion for summary judgment, that no record of such order exists and that any such oral order "is the product of an ex parte, extra-judicial interaction between [the judge] and Robert Goldstucker, in violation of [USCR] Rule 4.1 [and] OCGA § 9-11-7 (b) (1)."

Plaintiffs then filed notices for four depositions, including one of Butler's wife, and subpoenaed Butler for "the original of all documents produced by you [numbered] 00001 through 05240."

On March 2, 1995 the judge denied the motion to recuse on grounds that he had no ex parte communication with Goldstucker and that therefore Butler's recusal affidavit was insufficient. In

March 1995 Butler filed notice of bankruptcy. In June 1995 the trial court granted default judgment and struck Butler's counterclaims, leaving the amount of damages for jury trial. *Held*:

1. Appellant's motion for summary judgment was peremptorily denied because of the alleged existence of an order setting an October 30, 1994 deadline for that motion. Appellant's affidavit accompanying his motion for recusal raises in question the existence of such an alleged order, which would contradict the trial court's November 1994 order setting a deadline of January 23, 1995 for all motions except motions in limine. An order setting an October 30, 1994 deadline is not in the record and appellant alleges it was unknown to him, and was either a "secret" order or one issued ex parte. These are not mere conclusions and opinions of bias and prejudice such as would render appellant's affidavit insufficient. See *Stephens v. Ivey*, 212 Ga. App. 407, 408 (442 SE2d 248). They are allegations of fact and of factual inference which may be made from the facts and circumstances asserted in appellant's motion to recuse and affidavit. If an order setting an October 30, 1994 deadline for appellant's summary judgment motion existed and was not known to him, the trier of fact may conclude, as did appellant, either that the order was a "secret" order or was issued ex parte, or that some other impropriety occurred. These are factual conclusions, and are not the sort of " 'bare conclusions and opinions' " (*Stephens*, supra) as to bias and partiality which render an affidavit insufficient. The trial judge's ruling that this affidavit was insufficient merely because it contained "conclusions" may itself, in the circumstances of this case, " 'give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.' [Cit.]" *Jones v. State*, 247 Ga. 268, 271 (4) (275 SE2d 67); *Stephens*, supra. Butler's recusal affidavit raises genuine questions of fact involving the trial judge's own actions, and this trial judge could not sit as trier of fact on allegations concerning his own actions.

The judge's duty on a motion to recuse is to determine the timeliness and legal sufficiency of the movant's affidavit and to determine whether the facts alleged, if true, would warrant recusal. *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207). He is not allowed to pass on the truth of the allegations in the affidavit. Id. The affidavit in this case sets forth circumstances which, if true, give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment, and recusal of this trial judge in this case may be required. The trial court erred in denying appellant's motion to recuse on the basis of insufficiency of appellant's recusal affidavit.

2. Where an affidavit is filed giving fair support to the charge of a bent of mind that may prevent or impede impartiality in the case, the trial judge must " 'cease to act' " in the case (*State v. Fleming*, supra at 702), as he must when he asserts his own partiality and

recuses himself or when he is recused by another judge. By the nature of his recusal, any actions following his recusal or after he should have recused himself are naturally void. The default judgment in this case is therefore void.

*Judgment reversed. Blackburn, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the holding that the judgment cannot stand, but I do not agree with all that is written.

1. First, the order denying defendant's motion to recuse the trial judge was entered on March 3, 1995, after the defendant had filed a notice of the filing of his bankruptcy petition on March 2, and before the automatic stay was lifted on April 20. Thus the court did not have authority to enter the order when it did. 11 USC § 362 (a); *Breeze v. Columbus Bank &c. Co.*, 214 Ga. App. 534 (448 SE2d 276) (1994). No reversible error occurred on this point, however, because there is no indication, and the parties do not suggest, that the court would have ruled otherwise after April 20.

2. Although the notice of appeal states only that it is from the order of June 30, 1995, granting default judgment as to liability and striking defendant Butler's pleadings, the enumeration of error which challenges the earlier order of March 3 denying Butler's motion to recuse is properly before us. OCGA § 5-6-34 (d). Direct appeal of this default judgment, which leaves pending the issue of the amount of damages, is permitted because the trial court invoked the finality provision of OCGA § 9-11-54 (b). Determination of finality under this latter section satisfies the finality requirement of OCGA § 5-6-34 (a) (1). *Thompson v. Clarkson Power Flow*, 149 Ga. App. 284 (254 SE2d 401) (1979), aff'd *Clarkson Power Flow v. Thompson*, 244 Ga. 300 (260 SE2d 9) (1979). Thus we have jurisdiction of this direct appeal, which is in a sense interlocutory.

3. Butler had filed the motion to recuse pro se on February 20. With its 13 exhibits, it constitutes 100 pages of the record. Defendant Butler's affidavit is detailed, in eight pages. The contents of the motion, its timing, the proceeding for its disposition and the procedure for the case thereafter, are governed by USCR 25.

The time requirements for such a motion, set out in USCR 25.1, were not expressly ruled on by the court when it denied the motion on March 3. Thus it is assumed that the court determined the motion was timely. See USCR 25.3. Timeliness was not made an issue.

The court did rule, however, that the affidavit failed to meet the content requirements of USCR 25.2, in that it was "legally insufficient to warrant recusal." This was based on its finding that defendant's "allegations of a secret 'oral order' and withheld orders are

merely conclusions and suppositions, not facts." That is the question before us, because USCR 25.2 warns that "[a]llegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings." The uniform rule is very specific about what such a serious affidavit must contain, because it accuses the trial judge of personal bias or prejudice such as would "impede or prevent impartiality" in the action.

In his affidavit, defendant recites a number of instances of rulings which, in his view, "evidence a lack of impartiality," but these were not subjected to the test in the ruling made by the trial court, and we do not review their sufficiency here. Whether they constitute merely complaints about adverse legal rulings which are within the court's authority, as they seem to do or, on the other hand, are evidence of lack of impartiality, is a question to be addressed on remand. The affidavit must show facts which indicate "the judge's personal (rather than judicial) bias." *Stevens v. Morris Communications Corp.*, 170 Ga. App. 612, 613 (317 SE2d 652) (1984). It cites *United States v. Bray*, 546 F2d 851 (10th Cir. 1976), as applicable because the Supreme Court had adopted the federal rule on motions to recuse in *State v. Fleming*, 245 Ga. 700, 702 (1) (267 SE2d 207) (1980).

The federal rule, as construed in federal cases, has been institutionalized in Georgia with some modification in USCR 25. The essence is the same. Thus, "[t]o warrant disqualification of a trial judge the affidavit supporting the recusal motion 'must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.' *Berger v. United States*, 255 U. S. 22, 33-34 (41 SC 230, 65 LE 481) (1921)." *Jones v. State*, 247 Ga. 268, 271 (4) (275 SE2d 67) (1981). Although *Jones* preceded the adoption of the uniform rules, the test it took from the United States Supreme Court is in concert with the more explicit requirement of the Georgia recusal rule.

Affiant claims that the court's ruling that his motion for partial summary judgment was too late in that all such motions were to be filed by October 30, 1994, indicates bias and prejudice because there was no order setting that deadline. The court did not state there was such an order, and indeed, there is none in the record. It was apparently plaintiffs' counsel who erroneously represented that such an order existed. Instead, the court's basis for denying the summary judgment motion because it was late, and its not reaching the merits, was that at the status conference the previous June (1994), "it was agreed by all parties that the anticipated Motion for Summary Judgment would be filed by October 30, 1994." At the time of its ruling, the court did not have the letter of counsel who represented Butler at that pretrial conference, with respect to his recollection of what tran-

spired at that unrecorded conference some eight months earlier. Counsel's letter was filed shortly thereafter and said that October 30 was given as an estimate by the parties when the court asked for target dates for filing motions. He also recollected that the court had said it would not " 'hold our feet to the fire.' "

The court did have this letter (unsworn presumably because the former counsel submitted it as an officer of the court) when it ruled on defendant's motion for recusal; in fact, a copy of it was also an exhibit submitted by defendant with his motion to recuse. It is evident that the court's recollection differed. And in the order denying the motion to recuse for lack of legal sufficiency of defendant Butler's affidavit, the court responded to his allegations of a secret oral order regarding the deadline for summary judgment motions by stating that "[i]n fact, there was 'no extra-judicial, ex-parte communication between the Court and [plaintiffs' attorney] nor is there any evidence to support this supposition by Mr. Butler."

The problem is that this response constitutes evidence, not a legal ruling on whether defendant's assertions consisted of fact and reasons for the belief of bias or prejudice or merely bare conclusions and opinions, as called for by USCR 25.2. " 'Neither the truth of the [movant's] allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary. [Cits.] The test is whether, *assuming the truth of the facts alleged*, a reasonable person would conclude that a personal as distinguished from a judicial bias exists. [Cits.]' [Cit.]" (Emphasis in original.) *State v. Fleming*, supra. The rule now expressly provides that the duty of the trial judge, when presented with a motion to recuse, is to simply "make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted." USCR 25.3. If so, then another judge "shall be assigned to hear the motion to recuse. The allegations of the motion shall stand denied automatically. The trial judge shall not otherwise oppose the motion." Ibid. Nor may he "pass upon the truth of [the affidavit's] statements." *Fleming*, supra at 702.

The movant stated that he believed there was a "secret" or ex-parte oral order because there was no written order in the record setting the deadline for summary judgment motions at October 30, and the recollection of his attorney at the time of the status conference in June is that no such oral order or requirement or agreement had been made. Yet the court had refused to consider the merits of his summary judgment motion because it was filed after October 30, a date the court stated in its denial order "was agreed by all parties" at the status conference so that the summary judgment motion was not subject to the court's November 8 order setting January 23, 1995, as the deadline for motions. Whether the judge or the defendant is mis-

94

taken about the results of the June status conference, and whether, if the judge is mistaken, his refusal to consider the summary judgment motion constitutes personal bias or prejudice either alone, or together with other facts alleged in the affidavit so as to constitute "a systematic pattern of prejudicial conduct" as contemplated by USCR 25.2, is for the factfinder to determine. USCR 25.6.

Impartiality of the judge is the bedrock of fairness in our judicial system. Where it might reasonably be questioned, the judge should disqualify or be recused. *Houston v. Cavanagh*, 199 Ga. App. 387, 388 (405 SE2d 105) (1991). Even the appearance of the lack of impartiality, if based on a reasonable belief supported by fact, mandates that another judge try the case. USCR 25 implements the high standard of Canon 3 of the Code of Judicial Conduct and must be scrupulously adhered to.

Of course, it should not be lightly required, as it disrupts the administration of justice without cause. It is as much the duty of a judge not to grant the motion to recuse as it is to recuse when the motion is meritorious, a "well-settled rule" as noted in *Fleming*, supra at 702. The judge in this case has dealt with it for nearly three years, shepherding it in an orderly fashion to trial, which he set for the end of January 1995 and March at the latest, and exhibiting enormous patience with numerous discovery motions on both sides: motions to compel, motions for protective orders, motions for sanctions, all exhibiting unseemly and unprofessional rancor between and among the parties and counsel. It is past time for the case to be concluded.

The judgment granting default and striking defendant's pleadings must be vacated, the order on the recusal motion must be vacated, and the case must be remanded with direction that another judge be assigned to rule on the recusal motion.

DECIDED JUNE 7, 1996 —
RECONSIDERATION DENIED JULY 5, 1996.

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Rebecca A. Copeland*, for appellant.

*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker, Kelly E. Malone*, for appellees.