**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Https://www.gaappeals.us/rules**

**April 7, 2025**

# In the Court of Appeals of Georgia

A25A0059. IN THE INTEREST OF M. B., a child.

DAVIS, Judge.

M. B.'s mother brings this appeal from a trial court's denial of her motion to recuse. On appeal, she argues the trial court erred when, having been presented with a motion to recuse, denied the motion rather than refer it to another judge. We agree. The trial judge did not follow the procedures governing recusal motions; therefore, we reverse his order denying the mother's motion to recuse and remand with direction.

Cynthia Dozier ("grandmother") filed a private dependency complaint in juvenile court, claiming M. B.'s ("child") welfare was at risk of abuse and neglect from her mother. Thereafter, the trial court held a preliminary protective hearing and

granted temporary custody to the grandmother. The grandmother then filed a dependency petition, which triggered an adjudication hearing under OCGA § 15-11-181. After a series of continuances and intervening delays, the trial judge presided over the hearing on March 6, 2024.

The hearing, however, did not go as the mother anticipated, and she points to the trial judge's purported bias and prejudice as the reasons why in her March 2024 motion to recuse. As the mother explained,

> The judge's pattern of conduct in refusing to make a ruling on respondent's motion to dismiss based on the respondent's right to a timely filed petition and allowing petitioner to refile a new complaint and overruling petitioner's valid objections and *most significantly* escorting a party before the Court to sit in the Judge's chambers are acts that undermine the fairness of the judicial proceedings.

"In light of the conduct described above," the mother goes on to write, "it is reasonable to question the judge[']s impartiality in this case."

Along with her motion, the mother filed a 9-paragraph affidavit, which alleged ex parte communications and described how the trial judge's conduct "created an air of prejudice and bias in the courtroom. . . ." The affidavit concludes with:

Judge Jackson unilaterally decided to take a party into his private chambers for her alleged safety, sua sponte placed a witness to the incident under oath, cross examined that witness and did not allow respondent's counsel to ask any questions. Finally, in the course of this incident deputies did not instruct[ ] at any time for [the other party] to go into chambers in order to resolve a familial dispute.

On March 7, 2024, the trial court held oral argument on the motion.[1] But before either side presented their position, the trial judge challenged the mother's filings. He took issue with paragraphs four and six of the affidavit, for example, and spent nearly two pages of the hearing transcript refuting the mother's claims. The following is illustrative:

> I've read your motion and I've read your affidavit under item four. You stated at the time both sheriff's deputies as well as Judge Jackson and counsel for the mother went to determine the nature of the issue. That problem needs to read. Everybody in the courtroom, Judge Jackson, all the counsel, I believe, Mr. Jones, Mr. Richards, Ms. Bigelow, everybody looked up because it was right there at the door trying to see what was going on to resolve the issue.

> On the item of six, you said the attorney for the mother immediately began to knock on the door to Chambers, Judge Jackson, the deputies

---

[1] The trial court held the hearing on the recusal motion in conjunction with a preliminary protective hearing.

and the petitioner's attorney subsequently returned from Chambers. And, Judge Jackson said that Ms. Dozier was waiting, I believe, in his office with Ms. Reid, judicial assistant to judge Juliet Scales.

All right. First of all, the Judge Jackson, the deputies, [the other party] and Mr. Jones, they went to Judge Jackson's Chambers. And Diondria Reid is my judicial assistant, not Judge Scales judicial assistant. And, we were only gone for two minutes. Just as long as it took for us to walk from the courtroom to my Chambers, which is right behind the courtroom. And, I asked Ms. Dozier to just have a seat and asked Ms. Reid to keep her company. And as I stated on the record, I did that because it was a security situation. I didn't want Ms. Dozier walking back through the hallway where she might encounter Ms. Boykin and we needed to proceed with the hearing. *So that part of your affidavit is incorrect.*

In response, the mother reiterated the conduct and statements that she believed demonstrated the trial judge's bias and prejudice. The judge then orally denied the motion to recuse and issued a written order to that effect the next day. This appeal followed.

The Court's threshold determinations concerning a motion to recuse are questions of law subject to de novo review. See *In the Interest of H. J. C.*, 331 Ga. App. 506, 508 (1) (771 SE2d 184) (2015); see also *Mayor & Aldermen of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 119 (1 ) (728 SE2d 189) (2012).

4

1. We begin with the mother's second enumerated error, which asks whether the trial court was authorized to deny her recusal motion without assigning it to another judge. To this question, we say no.

Juvenile Court Rule 17 (like its superior court counterpart – Rule 25) places certain duties on the movant and others on the trial judge. Regarding the movant's duties, Juv. Ct. Rules 17.1 and 17.2 provide:

> All motions to recuse or disqualify a judge . . . shall be timely filed in writing, and all evidence thereon shall be presented by accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded.

> . . .

> The affidavit shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements that demonstrate either bias in favor of any adverse party, or prejudice toward the moving party. . . . Allegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings.

Juv. Ct. Rule 17.3 then outlines the trial judge's duties. It states in part:

> When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit and make a determination, *assuming any of the facts alleged in the affidavit are true*, whether recusal would be warranted. (emphasis supplied).

Read as a whole, Juv. Ct. Rule 17 requires the movant first file a timely motion accompanied by an affidavit, which alleges facts and reasons for the movant's beliefs. Afterward, the trial judge must assess (1) the timeliness of the motion; (2) the legal sufficiency of the affidavits; and lastly — "assuming any of the facts alleged in the affidavit are true" — (3) decide whether recusal would be warranted.

If the documents, taken at face value, satisfy all three prongs, then the trial judge must refer the motion to another judge for a hearing. In this respect, Juv. Ct. Rule 17 provides judges no discretion[3] to oppose the motion, "no matter how false .

---

[3] See *Batson-Cook Co.*, 291 Ga. at 119 (1). Indeed, Rule 17's language ("shall" cease to act, "shall" determine the timeliness, "shall" not oppose the motion) eliminates any discretion since "[t]he general rule is that 'shall' is recognized as a command, *and is mandatory* ." *Baylis v. Daryani*, 294 Ga. App. 729, 730 (1) (669 SE2d 674) (2008) (emphasis supplied); *Mondy v. Magnolia Advanced Materials, Inc.*, 303 Ga.

. . the judge might know or perceive the allegations to be." *Post v. State*, 298 Ga. 241, 244 (1) (779 SE2d 624) (2015). Simply put, judges are not "allowed to pass upon the truth of its statements." (Citation omitted.) *State v. Fleming*, 245 Ga. 700, 702 (1) (267 SE2d 207) (1980).

Here, the hearing transcript demonstrates the trial judge's misstep. Rather than take the mother's motion and affidavit at face value, he attempted to refute the allegations. The judge took issue with the mother's account in paragraph 4 of her affidavit and then challenged the allegations in paragraph 6. "First of all," he begins,

> the deputies, [the other party] and Mr. Jones, they went to Judge Jackson's Chambers. And Diondria Reid is my judicial assistant, not Judge Scales judicial assistant. And, we were only gone for two minutes. . . . So that part of your affidavit is incorrect.

By protesting, the trial judge did what Juv. Ct. Rule 17.3 expressly prohibits: "judges shall not . . . oppose the motion." See *Fleming*, 245 Ga. at 702 (1) ("Neither the truth of the allegations nor the good faith of the pleader may be questioned[.]") (citations

---

764, 766 (1) (815 SE2d 70) (2018) ("The decision about referring a recusal motion for reassignment to another judge *does not involve an exercise of discretion* by the judge whose recusal is sought.")(emphasis supplied).

omitted). Ultimately, whatever a trial judge believes about a movant's allegations, he simply may not challenge them, and for good reason too:

> [A judge's] efforts at defending himself against a motion to recuse will inevitably create an appearance of partiality. One reason is that if he defends himself he becomes an adversary of the movant for recusal. This adversarial posture may create an antipathy which persists after the motion to recuse is denied. *Isaacs v. State*, 257 Ga. 126, 128 (355 SE2d 644) (1987).

What is more, a judge's adversarial posture erodes the public's confidence in the judicial system and undermines "the absolute integrity and impartiality of its judges . . . ." *Batson-Cook Co.*, 291 Ga. at 114. And in this way judicial recusals serve a vital function — protecting all parties' rights to a fair and impartial judicial officer.

In short, the trial judge stepped outside the bounds imposed by Juv. Ct. Rule 17 and became an adversary against the mother. Consequently, the mother's recusal motion should have been referred for reassignment to another judge to decide. And there is no reason to remand the case for such reassignment at this point because "the judge to whom the motion should have been referred would have had no choice . . . but to grant the motion and order Judge [Jackson]'s recusal. . . ." *Post,* 298 Ga. at 258 (3). Accordingly, we reverse the denial of the mother's motion to recuse and remand

this case to the trial court for disposition by a new judge from the point at which the mother filed her recusal motion. All proceedings and orders after that point (March 7, 2024) are void and have no legal effect. See id.

2. Given the outcome on the mother's second enumerated error, we need not reach her remaining enumerations.

*Judgment reversed and remanded with direction. Rickman, P. J., and Gobeil, J., concur.*