### 49174. CASTILE v. RICH'S, INC.

DEEN, Judge.

1. Code Ann. § 6-805 (c) provides in part that the trial judge may in his discretion authorize trial of the case unreported "and when it becomes necessary for a transcript of the evidence and proceedings to be prepared, it shall be the duty of the moving party to prepare the transcript." In all appeals to this court enumerations of error depending on consideration of evidence must be accompanied by a transcript of evidence; the burden is on the movant to furnish this, and in its absence the enumeration of error will not be considered. *Ayers Enterprises v. Adams,* 131 Ga. App. 12; *Gleaton Appliance v. Brown-Wright,* 117 Ga. App. 57 (159 SE2d 500); *Davis v. State,* 117 Ga. App. 359 (160 SE2d 670). A motion for new trial may be passed on before a transcript of evidence is filed. Code Ann. § 70-301; *Kidder & Co. v. Clement A. Evans & Co.,* 117 Ga. App. 346 (1) (160 SE2d 869). A motion for judgment notwithstanding the verdict may be joined with a motion for a new trial with a prayer for relief in the alternative. Code Ann. § 81A-150 (b). It follows that in the court's discretion, if the court is familiar with the evidence, such a motion may be heard and if proper granted, although the transcript is not physically available at the time.

2. The order of the trial court granting the motion for judgment notwithstanding the verdict recites that this judgment is made after she "considered the evidence and the pleadings." We cannot tell from the record, and it is in fact unimportant, whether the evidence was considered in transcript form or as recollected from hearing the trial. The burden is on the appellant, in appealing to this court, to make available a transcript of evidence which may be referred to in all enumerations

of error as to which a consideration of evidence is required. As no transcript has been furnished, such enumerations cannot be considered.

3.   Since the trial judge granted the judgment notwithstanding the verdict, and that judgment is being affirmed by this court, it is of no consequence that she did not in fact pass on the motion for new trial. This issue is moot.

*Judgment affirmed. Stolz and Webb, JJ., concur.*

ARGUED APRIL 2, 1974 — DECIDED APRIL 9, 1974.

*G. Robert Howard,* for appellant.
*Carter, Ansley, Smith & McLendon, Ben Kingree,* for appellee.