## 64944. CHAMBLISS v. ROBERSON et al.

BIRDSONG, Judge.

Appellant filed this action in September, 1979, seeking $5,000 in damages for certain personal property allegedly damaged or destroyed when her apartment was flooded. Appellees were her landlords at the time of the flooding. After appellees' answer was stricken for their failure to respond to discovery, the case proceeded to trial on the court's default calendar on October 20, 1980. A jury returned a verdict for $5,000 in favor of appellant, and the trial court entered judgment upon that verdict. Appellees filed a motion for new trial on October 23. The trial judge granted the motion on October 30.

While the motion for new trial was pending, appellant filed a motion requesting the trial judge to recuse himself from hearing further proceedings in the case. The motion was supported by the affidavits of appellant and her attorney. Both affidavits stated that the trial judge made certain disparaging remarks about the merits of appellant's case and the manner in which her attorney handled the case when he was presented with the order embodying the jury verdict. The motion to recuse was denied by the trial judge. The record contains no transcript of any hearing on either the recusal motion or the motion for new trial.

After an unsuccessful mandamus action by appellant against the trial judge in an effort to have him disqualified from this action, see *Chambliss v. Camp,* 248 Ga. 137 (282 SE2d 641), the case was set for trial a second time on December 14, 1981. Appellant and her attorney appeared for the call of the case and were informed that her case would be continued due to the fact that appellees' counsel was on trial in another action. The case was reset for December 16, but appellees and their counsel again failed to appear for the call of the case. The record contains no showing that a motion for continuance, either written or oral, was made by appellees. The case proceeded to trial before a jury, which returned a second verdict in favor of appellant for $5,000. By order the trial judge, not the same judge who presided over the first trial, entered judgment in favor of appellant in the amount of $5,000.

On December 31, 1981, appellees filed a motion to set aside the

judgment and motion for new trial. The basis of the motion was set forth in an affidavit submitted by appellees' counsel, which stated that he was on trial in another county on December 16 and was unable to be present for the call of this action. The conflict was allegedly communicated to counsel for appellant prior to the call of the case on December 16, and appellees' counsel understood the continuance from December 14 would carry the case to another term, but appellant's counsel stated in an affidavit that the December 16 date was cleared with the secretary of appellees'· counsel and that he was not informed of any conflict.

By order dated March 12, 1982, the trial judge vacated and set aside the judgment rendered December 16, 1981. The parties subsequently waived jury trial and the action was tried, for the third time, on March 24, 1982. On April 26, the trial court entered judgment in favor of appellant in the amount of $2,000. Appellant filed her notice of appeal on May 24. A third motion for new trial was filed on May 25 and denied on June 25. The trial court also entered an order on June 18 denying appellant's motion, dated June 4, 1982, to compel answers to her "interrogatories in fi fa" submitted March 2, 1982.

As can be seen from the stated facts, the tortious history of this action to recover $5,000 for negligent damage to personalty includes two separate jury trials and one bench trial, three motions for new trial and one motion to set aside, one motion to recuse and a motion to reconsider the denial of the recusal motion, a mandamus action culminating in the Supreme Court, two motions for sanctions for failure to make discovery, an order striking appellees' answer, and the present appeal, which challenges the order denying the motion for recusal, the orders setting aside the first two judgments and granting new trials, the judgment entered April 26, 1982, and the order denying the motion to compel discovery. In view of our disposition of the case, we need address only the denial of the motion to recuse, the setting aside of the first two judgments and grant of first two motions for new trial, and the order denying the motion to compel discovery.

1. It was not error for the first trial judge to deny the motion to recuse. The affidavits did not set forth legally sufficient grounds for disqualification. Consequently, the trial judge did not err in considering the first motion for new trial despite the pendancy of the motion for recusal. *Mann v. State,* 154 Ga. App. 677, 678 (269 SE2d 863). This case is not controlled by *State v. Fleming,* 245 Ga. 700 (267 SE2d 207), wherein the affidavit in support of the motion to disqualify contained 29 separate allegations of prejudicial *actions* taken by the trial judge against the district attorney in that case.

*Mann v. State,* supra, p. 678. The affidavits in support of the motion in the present case merely set forth two or three remarks made by the trial judge concerning his opinion about the merits of appellant's case and the manner in which the default trial was handled. They set forth no *actions* by the trial judge indicating prejudice to appellant's case. While the remarks, if made, may not have constituted exemplary courtroom decorum, they did not provide a legal basis for disqualification.

2. We find no error in the grant of appellees' first motion for new trial. The fact that a transcript of the evidence was not submitted to the court does not preclude the consideration of a motion for new trial by the judge presiding over the trial. *Castile v. Rich's Inc.,* 131 Ga. App. 586 (206 SE2d 851). As this court has no transcript of the evidence adduced at that trial, we are in no position to question the merits of the trial court's decision to grant a new trial. *Castile,* supra, p. 587. Consequently, the enumeration of error going to the grant of appellees' first motion for new trial is without merit.

3. The trial court did err, however, in granting appellees' second motion for new trial. The basis of the motion was the alleged inability of appellees' counsel to appear at the December 16, 1981, call of the case, even though appellees made no motion for continuance. The verdict rendered was identical to the verdict upon the first trial of the case. "Granting or denying a new trial in the first instance is left largely to the trial court's discretion; however, when a new trial is granted after successive identical verdicts the presumption of legality weakens. [Cit.] It is the policy of the law not to interfere with the second verdict unless the evidence 'strongly and decidedly' mandates a contrary finding or unless harmful errors of law were committed during the second case." *Yalanzon v. Gilbert,* 143 Ga. App. 131 (237 SE2d 660). There is no indication from the record in the present case that the second verdict was either "strongly and decidedly" against the evidence or that any harmful errors of law were committed. Accordingly, the trial court erred in setting aside the second verdict in favor of appellant and ordering a third trial of this default case.

4. Appellant's motion to compel dated June 4, 1982, and the trial court's order dated June 18, 1982, denying the motion were both null and void in view of the supersedeas that went into effect with the filing of the notice of appeal and appellant's pauper's affidavit on May 24, 1982. Code Ann. § 6-1003. See *Cohran v. Carlin,* 249 Ga. 510, 512 (291 SE2d 538). Consequently, this enumeration of error presents nothing for review.

5. All other enumerations of error are moot in view of our disposition of this appeal.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED DECEMBER 1, 1982.

*Kenneth G. Levin,* for appellant.
*Thomas C. Bianco, Lenny Franco,* for appellees.