## 43146. BIRT v. THE STATE.
### (342 SE2d 303)

PER CURIAM.

The appellant, Billy Sunday Birt, appeared before the Superior Court of Jefferson County for resentencing in a case in which the death penalty imposed upon Birt had been reversed. See *Birt v. State*, 236 Ga. 815 (225 SE2d 248) (1976).

At the initial hearing, on September 20, 1985, Birt informed the trial judge, Judge Walter McMillan, that he intended to file a motion to recuse him. Birt filed the motion on October 7, 1985, four days before the deadline imposed by Judge McMillan for filing the motion. Judge McMillan set the date of the hearing as October 28, 1985.

Subsequent to the filing of the motion, but before he made findings as to the timeliness or legal sufficiency of the motion, Judge McMillan referred the motion to recuse to the other judge in the Middle Judicial Circuit, Judge Hartley. Following a motion to recuse Judge Hartley, and pursuant to Uniform Superior Court Rule 25.3 (D), Judge Duke, the Chief Judge of the Ocmulgee Judicial Circuit, referred the motion to recuse to Judge O'Connor, Senior Judge of the Oconee Judicial Circuit. On October 28, the day of the hearing, Judge McMillan took the bench at the scheduled hearing and ruled that Birt's motion was not timely, and that his affidavit in support of the motion was not sufficient to support the motion to recuse.

Birt objected to Judge McMillan's presiding over the hearing, and we granted his application for an appeal to determine whether a judge may rule on the timeliness and sufficiency of a motion to recuse himself after the motion has already been referred to another judge pursuant to the Uniform Superior Court Rules. *State v. Fleming*, 245 Ga. 700 (267 SE2d 207) (1980), and Superior Court Rule 25.2, state that when a motion is filed for the trial judge to recuse himself, the judge's duty will be to pass upon the timeliness and legal sufficiency of the motion. Even though Judge McMillan did not make a finding as to the timeliness or legal sufficiency of the motion before referring the motion to Judge Hartley, there is no prohibition against a judge waiving or not choosing to make such findings prior to referring it to another judge to hear and determine the motion to recuse.

In light of the above, we hold that once a superior court judge, against whom a motion to recuse has been filed, refers the motion to recuse to another judge, he is no longer qualified to hear any phase of the recusal hearing.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 23, 1986.

*Millard C. Farmer, Jr., Joseph M. Nursey, Carla J. Friend,* for appellant.

*Richard A. Malone, District Attorney,* for appellee.