## 43898. BIRT v. THE STATE.
(350 SE2d 241)

MARSHALL, Chief Justice.

The appellant, Billy Sunday Birt, appeared before the Superior Court of Jefferson County for resentencing in a case in which his death penalty had been reversed. See *Birt v. Hopper,* 245 Ga. 221 (265 SE2d 276) (1980), cert. den. 449 U. S. 855 (1980).

The defense filed a motion to recuse Judge Walter C. McMillan, the judge scheduled to preside in the matter. Through appropriate administrative channels, the motion to recuse was assigned to Judge

James B. O'Connor for determination, but Judge McMillan, notwithstanding, made a ruling that the motion was not timely and was not legally sufficient. On appeal, we reversed, holding that "once a superior court judge, against whom a motion to recuse has been filed, refers the motion to recuse to another judge, he is no longer qualified to hear any phase of the recusal hearing." *Birt v. State*, 255 Ga. 693 (342 SE2d 303) (1986).

Thereafter, Judge O'Connor granted the state's motion to dismiss the motion to recuse Judge McMillan, without an evidentiary hearing on the motion to recuse, from which order we granted this interlocutory appeal.

1. Rule 25.2 of the Uniform Rules for the Superior Courts provides: "When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, he shall temporarily cease to act upon the merits of the matter and shall immediately determine the *timeliness of the motion* and the *legal sufficiency of the affidavit*, and make a determination, assuming any of the facts alleged in the affidavit to be true, *whether recusal would be warranted.* If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized *if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse."* (Emphases supplied.) 253 Ga. 841. Since Judge McMillan had not made the three requisite determinations at the time the motion was reassigned — i.e., the timeliness of the motion, the legal sufficiency of the affidavit, and whether, assuming any of the alleged facts were true, recusal would be warranted — and since, under our ruling in *Birt v. State*, 255 Ga. 693, supra, he could not make such determinations after the motion had been referred to another judge, it was necessary and proper for the assignee judge to have made these determinations, which the alleged recusant judge was supposed to have made.

2. It was not error to uphold the timeliness of the motion to recuse, which was filed "four days before the deadline imposed by Judge McMillan for filing the motion." *Birt v. State*, 255 Ga. 693, supra. See generally Rule 25.2 of the Uniform Rules for the Superior Courts, 253 Ga. 841, supra; *Hunnicutt v. Hunnicutt*, 248 Ga. 516 (1) (283 SE2d 891) (1981).

3. As to the legal sufficiency of the accompanying "affidavit," it appears that the foundational facts for the allegation of the judge's bias and prejudice are stated in the recusal motion itself and the amendment thereto, and the "affidavit" accompanying the original motion (none accompanied the amendment) was merely a sworn verification that the facts contained in the foregoing motion are true and correct to the best of the movant-affiant's knowledge and belief.

Rule 25.1 of the Uniform Rules for the Superior Courts, 253 Ga. 841, supra, provides in part: "All *motions to recuse or disqualify a*

judge presiding in a particular case or proceeding shall be in writing, *accompanied by an affidavit asserting the facts upon which the motion is founded*, and timely filed." (Emphasis supplied.) The case law has generally upheld the necessity for such affidavit. E.g., *Hunnicutt v. Hunnicutt*, 248 Ga. 516 (1), supra; *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980); *Quarterman v. Memorial Medical Center*, 176 Ga. App. 92 (1) (335 SE2d 589) (1985), cert. den.; *Wages v. State*, 165 Ga. App. 587 (1) (302 SE2d 112) (1983), cert. den.; *Buford v. State*, 162 Ga. App. 498 (7) (291 SE2d 256) (1982), cert. den.; *Howard v. Dept. of Human Resources*, 157 Ga. App. 306 (1) (277 SE2d 301) (1981).

However, it is an elementary rule of pleading that substance, not mere nomenclature, controls. *McDonald v. State*, 222 Ga. 596, 597 (1) (151 SE2d 121) (1966); *Deen v. State*, 216 Ga. 387 (2) (116 SE2d 595) (1960). The rule in civil practice, that "[a]ll pleadings shall be so construed as to do substantial justice" (OCGA § 9-11-8 (f)), should be no less applicable in a criminal case, especially one, as here, involving the death penalty. Hence, the *original* motion to recuse, construed together with the "affidavit" verifying the facts alleged in the *original* motion, is deemed to constitute a substantial compliance with the requirements of Rule 25.1 of the Uniform Rules for the Superior Courts, supra, and the case law, as to the *original* motion. (The *amendment* to the motion, not having been verified, is not properly considered.)

There is some support for this construction in the case law. *State v. Fleming*, 245 Ga. 700, supra, p. 702, cites to federal cases holding that "even absent a legally sufficient affidavit, it is still within the trial judge's discretion to refuse to hear the case on the grounds of personal prejudice or bias. [Cits.]" In *Jordan v. Hodges*, 162 Ga. App. 473 (1) (291 SE2d 778) (1982), the reviewing court looked at both the motion and the accompanying affidavit for the foundational facts. In *Riggins v. State*, 159 Ga. App. 791 (285 SE2d 579) (1981), although the motion was unsupported by affidavit, the appellate court noted that "no other evidence concerning the allegations appears in the record." In *Cargill v. State*, 255 Ga. 616, 622 (2) (340 SE2d 891) (1986), we recognized the requirement of a supporting affidavit, but nevertheless ruled on the merits of the motion to recuse even absent such affidavit.

4. We now review the facts alleged as the basis for the original motion to recuse Judge McMillan, to determine whether, assuming that any of them are true, recusal would be warranted. Our determination of this issue is guided by the following criteria. "In order to be disqualifying the alleged bias 'must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case' " *United States*

*v. Grinnell Corp.,* 384 U. S. 563, 583 (86 SC 1698, 16 LE2d 778) (1966); *Carter v. State,* 246 Ga. 328, 329 (271 SE2d 475) (1980). The alleged bias of the judge must be " 'of such a nature and intensity to prevent the defendant . . . from obtaining a (trial) uninfluenced by the court's prejudgment.' [Cit.] To warrant disqualification of a trial judge the affidavit supporting the recusal motion 'must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.' [Cits.]" (Emphasis supplied.) *Jones v. State,* 247 Ga. 268, 271 (4) (275 SE2d 67) (1981). Under Canon 2 of the Georgia Code of Judicial Conduct, a judge "must avoid all impropriety and *appearance* of impropriety." (Emphasis supplied.) 251 Ga. 897, Commentary. Canon 3.C. (1) provides that "Judges should disqualify themselves in proceedings in which their impartiality *might reasonably be questioned,* including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer." (Emphasis supplied.) 251 Ga. 900. It is not necessary that there be shown "any actual impropriety on the part of the trial court judge. The fact that his impartiality 'might reasonably be questioned' suffices for his disqualification." *King v. State,* 246 Ga. 386, 390 (7) (271 SE2d 630) (1980).

Without setting forth all of the facts alleged as the basis for the original motion, it is our opinion that the verified motion sets forth some factual allegations, which if proved, could support a finding of partiality sufficient to require recusal. Rule 25.2, Uniform Rules for the Superior Courts, 253 Ga. 841, supra. Thus defendant is entitled to an evidentiary hearing on his motion and it was error to dismiss.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED NOVEMBER 25, 1986.

*Joseph M. Nursey, Millard C. Farmer, Jr., Carla J. Friend,* for appellant.

*Richard A. Malone, District Attorney,* for appellee.