## IN THE MATTER OF ROBERT R. COOK.
### (SUPREME COURT DISCIPLINARY NO. 472)
#### (384 SE2d 870)

PER CURIAM.

On June 27, 1985, respondent Robert R. Cook was convicted in Chatham Superior Court of three counts of theft by conversion and seven counts of malpractice in office. The convictions resulted from allegations that Cook had misused and mishandled certain funds which had been paid to the Chatham County Probate Court during a period of time that he had served in that court as probate judge.

On July 9, 1985, Cook received a sentence of six years' incarceration and fines totalling $3,000 on the theft charges and seven one-year sentences, five of which were probated to run consecutively to the six-year sentence and two of which were probated to run concurrently to the six-year sentence, with additional fines totalling $5,500, which sentence was reduced on December 18, 1987, to one year of unsupervised probation and a $1,000 fine.

On July 25, 1988, after the termination of Cook's appeal of his criminal conviction, he filed a petition for voluntary discipline, seeking the imposition of a definite suspension, but for an unspecified period of time. On February 3, 1989, Cook amended his petition by showing that his sentence had been reduced, and subsequently completed on December 18, 1988. On April 20, 1989, Cook again amended his petition to include the fact that, on April 13, 1989, he had been granted an unconditional pardon by the State Board of Pardons and

Paroles with respect to his conviction.

The State Bar opposed Cook's petition on the grounds that: (1) the respondent's original conviction included three counts of theft by conversion, a felony involving moral turpitude; (2) the misconduct by the respondent which led to his conviction occurred while he was in a position of public trust, and involved the mishandling of funds entrusted to him in a fiduciary capacity; and (3) the respondent should, therefore, be required to demonstrate his fitness to resume the practice of law through the process of reinstatement as provided by Bar Rules. Such reinstatement proceedings are not required for restoration to good standing upon completion of a period of definite suspension.

Following the filing of the special master's report (which is indexed, but not included, in the record), the State Bar filed its exception to the report, on the ground that it would appear to permit on November 6, 1989, Cook's automatic restoration to the practice of law without completing the formal process of reinstatement. The State Bar requested that, for the reasons set forth in its opposition to Cook's petition (stated hereinabove), the Review Panel modify the recommendation of the special master so as to include a requirement that Cook must successfully complete the reinstatement procedure before he is permitted to resume the practice of law in this state.

Cook filed a response to the State Bar's exception, arguing that his conviction occurred prior to the adoption of Bar Rule 4-305, providing for an examination for reinstatement, which rule should not be applied retroactively to him.

The Review Panel, adopting the State Bar's requested modification of the special master's report, recommended

> that respondent be suspended from the practice of law for a period of at least three (3) years effective as of his original interim suspension by order of the Supreme Court of Georgia dated November 7, 1986, and continuing until November 6, 1989; and thereafter, until such time as respondent has complied with and successfully completed the reinstatement procedure of the State Bar of Georgia in effect at that time.

Based upon our review of the file, the Court accepts, concurs in and adopts a portion of the recommendation of the Review Panel of the State Disciplinary Board. It is ordered that Cook be suspended from the practice of law until November 6, 1989, and thereafter, until such time as he has been certified by the Board to Determine Fitness of Bar Applicants as qualified to practice law and he has completed the requirements for Minimum Continuing Legal Education, Bar Rule 8-104 (A), for the years during which he has been suspended.

*All the Justices concur.*

DECIDED NOVEMBER 1, 1989 —
RECONSIDERATION DENIED NOVEMBER 25, 1989.

William P. Smith III, General Counsel State Bar, George P. Hibbs, Assistant General Counsel State Bar, for State Bar of Georgia.

W. David Sims, for Cook.