## A94A2187. In re SHAFER.

(451 SE2d 121)

BLACKBURN, Judge.

### ORDER OF COURT.

Appellant, Herbert Shafer, moved this court to disqualify Judge Dorothy T. Beasley from participating in his appeal from the order of the Superior Court of Douglas County, holding him in contempt of court and from participating in any other case wherein he is a party or a lawyer for a party. The motion to recuse was assigned to Judge G. Alan Blackburn, as one not involved in the controversy, by Marion T. Pope, Jr., Chief Judge, Court of Appeals of Georgia.

Movant has filed an affidavit with his motion to recuse and attached thereto, copies of assorted letters covering the period December 6, 1989, through September 17, 1992, which he contends show that Judge Beasley has a "festering" bias towards him.

Movant contends that "[t]here has been an implacable, festering and long-standing enmity between Judge Beasley and [Movant]." Movant contends also, that Judge Beasley's failure to disclose, on the record, information (the existence of the letters), that he or his lawyer might consider relevant to the question of disqualification, is further evidence of her bias towards him.

The attachments which Movant has submitted in support of his recusal motion consist of three letters to governors of Georgia, giving his thoughts relative to Judge Beasley's potential appointment to the Georgia Supreme Court, two letters from Judge Beasley to Movant, which thank him for the copies of the governors' letters which she received, a copy of the Court of Appeals order dismissing as moot Movant's petition for emergency order, and one letter from Movant to Judge Beasley, advising her that he felt the governor had made an excellent Supreme Court selection.

While the rules of the Georgia Court of Appeals do not specifically provide for a recusal procedure, our Supreme Court has provided guidelines for such in *State v. Fleming*, 245 Ga. 700 (267 SE2d 207) (1980).

The standard for recusal is stated in *Birt v. State*, 256 Ga. 483 (350 SE2d 241) (1986). "In order to be disqualifying the alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from [his or her] participation in the case. The alleged bias of the judge must be of such a nature and intensity to prevent the defendant from obtaining [an appellate review] uninfluenced by the court's prejudgment. To warrant disqualification of [an appellate judge] the affidavit supporting the recusal motion must give fair support to the charge of

a bent of mind that may prevent or impede impartiality of judgment. Under Canon 2 of the Georgia Code of Judicial Conduct, a judge must avoid all impropriety and *appearance* of impropriety. Canon 3.C. (1) provides that "Judges should disqualify themselves in proceedings in which their impartiality *might reasonably be questioned*, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer. It is not necessary that there be shown any actual impropriety on the part of the trial court judge. The fact that his impartiality might reasonably be questioned suffices for his disqualification." (Citations and punctuation omitted.) *Birt v. State*, 256 Ga. 483, 485-486, supra.

The material submitted by Movant does not contain a single document or fact which would support any claim of wrongdoing by Judge Beasley or bias on her part towards Movant. While the letters do show a historic enmity on the part of Movant towards Judge Beasley, the record reflects a unilateral condition and contains no indication that Judge Beasley has ever expressed bias or responded to the goading commentary of Movant. Standing alone, the fact that an attorney or party has a bias towards a judge, will not support or authorize the recusal of such judge, absent a biased response by the judge to the bias of said attorney or party. There is nothing in this record which would authorize or require the recusal of Judge Beasley based upon her conduct or bias towards Movant.

The contention of Movant, that Judge Beasley's failure to place the existence of Movant's correspondence upon the record, demonstrates her bias towards him, is without merit. There was no requirement that the subject history of Movant's communications concerning Judge Beasley be placed by her on the record in the contempt appeal. Absent bias on the part of Judge Beasley, or the existence of facts or circumstances of which Movant or his attorney were unaware, from which a reasonable person might infer bias, there was no requirement that such material be placed upon the record. The purpose in placing on the record, any circumstances which might indicate a bias by the judge towards any party or attorney, is to provide notice of such circumstances to said individuals for their edification and possible action. Inasmuch as Movant was the author of the desultory correspondence and the recipient of Judge Beasley's "thank you" notes, he was fully aware of the history and had no need for notice thereof. Movant's attorney was also timely aware of the history herein involved as indicated by Movant's affidavit, executed August 10, 1994, which was submitted with the subject motion.

The remaining issue is whether or not Judge Beasley's impartiality might reasonably be questioned, absent any wrongdoing on her part, based upon a human response to Movant's attempt to influence others concerning her qualifications for appointment. Judges are rou-

tinely exposed to bad manners, untruths and insulting behavior, some of it by those who are demented, some by those who are simply boorish by nature, and some of it by those who have a specific purpose or agenda. It is even conceivable that a cunning attorney might attempt to create a record of bias by a judge, based solely upon a negative letter-writing campaign against such judge for the purpose of seeking the recusal of the judge in any matter involving such attorney.

Most judges understand that the type of conduct engaged in by one expressing his or her views about the judge for the purpose of influencing others in the decision-making process, is a constitutionally-protected right which they would be the first to defend. There is no basis therefore, to assume that such a campaign would result in a bias by a judge towards a citizen exercising his constitutional rights. Movant's conduct likewise creates no basis upon which to reasonably question the impartiality of Judge Beasley in the handling of the subject appeal.

"We note also the well-settled rule that it is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge." (Citations omitted.) *State v. Fleming*, 245 Ga. 700, 702, supra.

Movant's Motion to Recuse Judge Dorothy T. Beasley from the subject case and from any future cases in which Movant is a party or an attorney representing a party, is denied.

*It is so ordered.*

DECIDED DECEMBER 6, 1994.

*Spruell, Dubuc & Goldberg, Billy L. Spruell,* for appellant.
*Herbert Shafer,* pro se.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.