## A95A1699. IN RE WASHBURN.
### (465 SE2d 459)

POPE, Presiding Judge.

Attorney Thomas L. Washburn III appeals from an order finding him in criminal contempt for making intentional misrepresentations to Gwinnett County State Court Judge Fuller. Concluding that the evidence was sufficient to warrant the finding of criminal contempt, we affirm.

Washburn filed a complaint on behalf of a client in Gwinnett County State Court against David Properties, Inc. and its successor in interest, Noel A. David. Initially, the case was assigned to Judge Hoffman. David filed a pro se motion to dismiss the complaint. On November 10, 1992, a hearing was held on David's motion as well as a motion to strike which Washburn had filed. At the hearing, which lasted no longer than 20 minutes, Washburn withdrew the motion to

strike, and Judge Hoffman continued David's motion to dismiss, suggesting that David retain counsel. Judge Hoffman, however, failed to issue orders regarding either motion.

On January 1, 1993, Judge Fuller replaced Judge Hoffman on the bench and assumed his cases. Thereafter, Judge Fuller's secretary had a telephone conversation with Washburn regarding the status of the two motions. Washburn told the secretary that he had withdrawn the motion to strike and that Judge Hoffman had denied David's motion to dismiss. On January 14, 1993, Washburn sent a letter to Judge Fuller memorializing the conversation and submitted an order denying David's motion for the Judge's signature. Based on Washburn's representations, Judge Fuller signed the order on January 20, 1993.

After receiving a copy from the court of the order denying his motion to dismiss, David retained counsel and filed a motion to vacate the order, claiming that Judge Hoffman originally had not denied his motion. Washburn and his client did not respond. Upon review of the transcript of the November 10, 1992 hearing, Judge Fuller verified David's claim and as a result vacated the order Washburn had prepared. Judge Fuller later recused himself from the case and filed a motion for contempt against Washburn. See *In re Adams*, 215 Ga. App. 372, 377 (1) (450 SE2d 851) (1994). Judge Conner conducted a full hearing on the matter and found Washburn in criminal contempt pursuant to OCGA § 15-1-4 (a) (1) and (2). Washburn was sentenced to ten days in jail and fined $500.

Washburn argues that the evidence was insufficient to support a finding of criminal contempt. We disagree. As set forth above, Washburn made representations to Judge Fuller that David's motion to dismiss was heard and ruled upon by Judge Hoffman. Clearly these representations were untrue. Although Washburn contends that his representations were based on his best recollection, and were not intentionally misleading, his credibility on this subject is questionable in light of the brevity and simplistic nature of the hearing on David's motion to dismiss and the closeness in proximity between the time of the hearing and the misrepresentations. Issues of credibility are best left to the trier of fact. Accordingly, we conclude that the evidence in this case, viewed in a light most favorable to the prosecution, was sufficient for any rational trier of fact to have found Washburn in contempt beyond a reasonable doubt. See *In re Irvin*, 254 Ga. 251, 256 (2) (328 SE2d 215) (1985).

Additionally, we reject Washburn's contention that Judge Conner's factual finding that David's motion to dismiss was "never even discussed, much less ruled upon," is contrary to the record and thus warrants reversal of Washburn's conviction. Although the motion to dismiss was discussed at the November 10, 1992 hearing, it is mere semantics to allege that the fact the motion was brought up as a topic

renders Judge Conner's findings inaccurate. The November 1992 hearing transcript demonstrates that the evidentiary and legal substance underlying David's motion to dismiss was never discussed or ruled upon. Thus, Judge Conner's findings accurately reflect the evidence of record.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 1, 1995 —
RECONSIDERATION DENIED DECEMBER 11, 1995.

*Thomas L. Washburn III*, pro se.
*Boyce, Ekonomou & Atkinson, John E. Underwood, Sr., Shelby A. Outlaw, Caryl Sumner, William J. Linkous III, Dan R. Gresham,* for appellee.