### A96A2417. In re WILLIAM M. PHILLIPS.
(484 SE2d 254)

Andrews, Chief Judge.

William M. Phillips, an attorney, appeals from the trial court's

order finding him in direct contempt[1] for actions taken during the course of a civil jury trial.

1. This Court is compelled, on review of an appeal of a criminal contempt conviction, to utilize the standard of whether, after reviewing the evidence in the light most favorable to the prosecutor, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See *In re Irvin*, 254 Ga. 251, 254 (2), 256 (328 SE2d 215) (1985). The application for contempt accused Phillips of orally misrepresenting that his Exhibit P-12 was the complaint filed in the matter and of intentionally altering the original complaint in a material way, i.e., changing the amount of damages claimed.

Addressing his third enumeration regarding the sufficiency of the evidence of contempt, the evidence, so viewed, was that Phillips represented Mr. and Mrs. Collins in their negligence suit against Mays arising from an auto accident. Also involved in the litigation as the uninsured motorist carrier was Allstate Insurance Company, represented by Kreitzer. In the original complaint filed with the court, the claim for medical and special damages was stated as in "excess of $5,000" and Allstate Insurance Company was specifically named as a party. Thereafter, in the Consolidated Pretrial Order, this figure was changed to in "excess of $9,000."

At trial, Kreitzer elected to appear in the name of defendant Mays instead of allowing Allstate to be mentioned before the jury. Kreitzer had made Phillips aware that the references to Allstate in the complaint were improper, both in his answer and by a motion to strike the references. During questioning of his client, Mrs. Collins, Phillips had marked as P-12 (marked as S-4 at the contempt proceeding) a "cleaned up" complaint from which the Allstate references had been removed. In addition to that change and others not germane to this proceeding, however, the amount claimed as damages had been changed to in "excess of $10,000."[2] Kreitzer had not seen P-12 prior to the time it was shown to Mrs. Collins, nor had he ever seen any other copy of the "cleaned up" complaint prior to P-12 being tendered into evidence. Phillips asked Mrs. Collins "to look at what has been marked as P-12. P-12 is a copy of your complaint you filed in court? . . . A. Yes. Q. And, of course, that's the request for all the damages and your facts as you know them and what went on? A. Yes, sir. Q. The request for relief? A. Yes."

Phillips then moved the document's admission into evidence, and Kreitzer requested that the changes be addressed later, which was

---

[1] See *Carey Canada, Inc. v. Hinely*, 257 Ga. 150, 151 (356 SE2d 202) (1987); *Grantham v. Universal Tax Systems*, 217 Ga. App. 676, 677 (2) (458 SE2d 870) (1995).

[2] The jury returned a verdict for $1,688.96.

done. At that time, the court referred the matter to the district attorney who initiated the contempt proceeding.

Also, at the Collins' trial, Phillips tendered P-10 (S-5), headed "Summary of Medical Expenses," which reflected a "Total To Date [of] $11,000." Because the pharmaceutical expenses listed as $1,200 were not proven, the court sustained Kreitzer's objection to P-10. Since there were no supporting documents for this item, the court directed Phillips to "remove the coversheet [containing the summary and total] and let the jury add them up. The jury can do that. We'll get them an adding machine, Mr. Phillips." During his closing argument, Phillips used a blowup of this summary and total as demonstrative evidence and displayed it to the jury, for which he was admonished in front of the jury. Phillips contended that because he had removed the "exhibit" to the summary, he had complied with the court's direction.

At the time of the Collins' trial, Phillips employed both a secretary and a paralegal. During the Collins' trial, when asked by the court how the change to "$10,000" had happened, Phillips responded "I think that was unintentional. . . . The Court: . . . How did it physically happen? Mr. Phillips: When we cleaned it up, . . . , we inserted the ten instead of the five because — The Court: We, who is we? Mr. Phillips: My secretary and I."

Assistant District Attorney Webb testified that, in the criminal trial of McBee, Phillips, his former attorney, testified regarding the Collins' trial. When asked about altering the complaint, Phillips said that his secretary put the "amount of medicals that existed at the time of trial and that was all that was done." During his contempt hearing, Phillips testified that his paralegal had asked if she should clean up the complaint "and I said, yes, clean it up and that was what was done. . . . [A]s to actually physically typing it in, I didn't. And my paralegal was in charge of getting all the documents and I was there too."

Neither Phillips' secretary or now former paralegal was called to testify regarding the complaint's alteration.

The primary issue to be decided by the court in this fact situation was Phillips' intent in having the alteration made. Having reviewed the evidence, we find it sufficient for any rational trier of fact to conclude that the alteration was made with the intent to defraud the court. *In re Washburn*, 219 Ga. App. 428, 429 (465 SE2d 459) (1995).

2. Phillips' first enumeration is that the "trial court erred, in an Application for Attachment for Contempt brought against the appellant . . . in denying the appellant's motion to recuse the trial judge at whose instance the application for contempt was instituted."

The motion to recuse Judge Wood was referred to Judge Joe Tucker who held a hearing and entered the order denying the

motion, in which he concluded that the affidavits submitted "set forth mere conclusions rather than facts demonstrating a lack of impartiality."

"In order to be disqualifying the alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. The alleged bias of the judge must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment. To warrant disqualification of a trial judge the affidavit supporting the recusal motion must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. Under Canon 2 of the Georgia Code of Judicial Conduct, a judge must avoid all impropriety and *appearance* of impropriety. Canon 3.C. (1) provides that 'Judges should disqualify themselves in proceedings in which their impartiality *might reasonably be questioned*, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer. It is not necessary that there be shown any actual impropriety on the part of the trial court judge. The fact that his impartiality might reasonably be questioned suffices for his disqualification." (Citations and punctuation omitted; emphasis in original.) *Birt v. State*, 256 Ga. 483, 485-486 (350 SE2d 241) (1986). See *In re Shafer*, 215 Ga. App. 520 (451 SE2d 121) (1994).

Here, Phillips submitted his own affidavit and those of Mr. and Mrs. Collins. The Collins' affidavits, which are verbatim of each other, deal mainly with incidents during their trial where the judge either sustained or denied evidentiary objections which the Collins interpreted as indicating he did not like them or their attorney. Such trial rulings do not exhibit the required bias. See *Bevil v. State*, 220 Ga. App. 1, 3 (6) (467 SE2d 586) (1996). The alleged incident involving the judge's court reporter proves nothing about the judge.

Phillips' affidavit is likewise deficient. A great deal of the affidavit consists of Phillips' complaints about legal and evidentiary rulings made by Judge Wood in other cases tried by Phillips as well as the Collins' case. It contains hearsay information allegedly provided to Phillips by unidentified parties, which proves nothing. See *Wellons v. State*, 266 Ga. 77, 88 (18) (463 SE2d 868) (1995). Nothing contained in this affidavit gives any factual basis to indicate any of Judge Wood's rulings or actions were premised on personal bias. Compare *Houston v. Cavanagh*, 199 Ga. App. 387 (405 SE2d 105) (1991) and *Strayhorn v. Staley*, 177 Ga. App. 458 (339 SE2d 740) (1986).

That the contempt matter was referred by the trial court to the district attorney for his evaluation and action likewise does not provide the necessary bias nor does it indicate that the trial judge was a

party to the contempt proceeding so as to be disqualified from hearing it. *Dowdy v. Palmour*, 251 Ga. 135, 142 (2) (c) (304 SE2d 52) (1983).

There was no error in denying the motion.

3. Finally, Phillips complains that the court erred in failing to find the facts specially and state separately conclusions of law pursuant to his request under OCGA § 9-11-52.

As repeatedly held, this is not required in a contempt proceeding. See *Brown v. King*, 266 Ga. 890, 891 (2) (472 SE2d 65) (1996); *In the Matter of Cook*, 259 Ga. 595 (384 SE2d 870) (1989); *In re Jones*, 198 Ga. App. 228, 231 (7) (401 SE2d 278) (1990).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 25, 1997 —
RECONSIDERATION DENIED MARCH 14, 1997 —

*Larry D. Ruskaup*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney*, for appellee.