A97A2570. BAPTISTE v. THE STATE.
(494 SE2d 530)

ELDRIDGE, Judge.

Defendant-appellant Darryl Baptiste married Debora Davis in the early 1980s and fathered two children. They were separated for

several years while he was living with another woman, and he spent months out of state. In her own name only, Davis leased an apartment at 76-A Trevitta Drive, DeKalb County, where she lived with her two children. Thereafter, the defendant heard that Davis was seeing a Daniel Tesfaye, and he became upset. Defendant decided to "rescue" his children from being subject to the influence of the lover.

On August 21, 1993, defendant approached Tesfaye outside of Davis' apartment, while Tesfaye worked on the car that the defendant purchased for Davis; he pointed a gun at Tesfaye. The defendant forced Tesfaye to enter the apartment, threatening to shoot and kill him if he ran. Defendant placed the gun against the victim's back and forced Tesfaye to summon Davis from upstairs.

When Davis and Tesfaye were together, the defendant placed plastic flex cuffs on them and duct-taped their mouths. After the defendant had the victims secured, he used a Taser gun to shock them several times each. Davis was struck several times with the defendant's fist.

The defendant went through Davis' papers, looking for the children's passports and birth certificates. The defendant then took Davis' address book and car keys. He told them that he was going to take the children, and he drove off in her car with them. The victims were found by the police with flex cuffs on and duct tape over their mouths. The car was recovered at the airport. On March 16, 1994, the defendant was arrested in Charlotte, North Carolina. The children were later found elsewhere in Charlotte and returned to their mother. The defendant was returned to Atlanta, DeKalb County, and he bonded-out on March 29, 1994. On May 24, 1994, defendant was indicted, but the defendant jumped bond.

Defendant fled to Vancouver.[1] After capture, he was extradited to Georgia on an outstanding probation warrant.[2]

Defendant was reindicted in DeKalb County on October 18, 1996, for eight counts: four aggravated assaults; two burglaries; and two false imprisonments.

On November 4, 1996, defendant, represented by Akil Secret, entered a plea of guilty. He had been represented by three different

---

[1] Over the ensuing months, the defendant resisted arrest, fled, and escaped from custody. He maintained multiple identities with false papers and passports.

[2] In 1987 the defendant had been indicted in Cobb County for kidnapping a different victim that he shot; however, when the case was called for trial, the victim in that case did not appear; the Cobb district attorney dismissed the kidnapping charge and agreed to a probated sentence on the aggravated assault charge, as a result. In fleeing to Canada on this charge, defendant also violated probation on the Cobb County aggravated assault conviction. The existence of such prior felony conviction and the probation violation of it are important as factors that the trial judge would have considered in imposing sentence in this case as well as in defendant's knowledge regarding the entering of a plea for purposes of the motion to withdraw the plea in this case.

defense counsel, including his present appellate counsel. The assistant district attorney gave the above outline of the State's case.

Defense counsel denied the use of a gun, Taser, tape, or cuffs and stated that the defendant wanted only to rescue his children. It was admitted that he looked for birth certificates and took the car and the children. He admitted getting into a fight with Tesfaye.

The plea was non-negotiated, and the State asked for 20 years to serve, because of his lengthy record and numerous attempts at flight. Defense counsel argued vigorously against such sentence and stated that he had advised the defendant to go to trial on this case, but his client stated to him that he had spent a year waiting for trial and wanted to enter a plea at that time.

The trial court indicated that it would impose a sentence of 15 years, if the defendant wanted to enter a plea. Defendant then addressed the trial court, "I was thinking in terms of hoping that the Court may give a better recommendation if you would see the heart of the picture of this case. Unfortunately, there hasn't been time."

The following colloquy occurred: "[Court:] Is there going to be a plea, sir? [Defendant:] Yeah, I guess so. [Court:] You are going to enter a plea? [Defendant:] Yes, ma'am."

On the record, defendant was then advised of his constitutional rights in order to determine if the plea was entered freely, knowingly, and voluntarily. Defendant pled guilty to Counts 2, 3, 7, and 8, charging him with two counts of aggravated assault and two counts of false imprisonment. *Held*:

1. Defendant alleges that he was denied fundamental due process of law when the trial judge did not sua sponte recuse herself from taking the guilty plea and from sentencing defendant because of her bias and prejudice toward defendant, which resulted in a retaliatory sentence. The trial court did not err in not sua sponte recusing herself, nor were defendant's due process rights violated.

The Code of Judicial Conduct, Canon 3E Disqualification (1), reads, "Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party. . . ." The official commentary states: "Under this rule, judges are subject to disqualification whenever their impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E (1) apply. . . . Judges should disclose on the record information that the court believes the parties or their lawyers might consider relevant to the question of disqualification, even if they believe there is no legal basis for disqualification." However, the conduct or remarks must raise a legitimate inquiry; otherwise recusal will be denied, because "the remarks [or conduct] of the trial judge did not raise a reasonable question of

the judge's impartiality, within the meaning of Canon 3 [E] (1) of the Code of Judicial Conduct. *Von Hoff v. Carmichael*, 204 Ga. App. 760, 762 (3) (420 SE2d 643) [(1992)]." (Punctuation omitted.) *Pardo v. State*, 215 Ga. App. 317, 320 (9) (450 SE2d 440) (1994); see also *Chambliss v. Roberson*, 164 Ga. App. 579, 580 (1) (298 SE2d 550) (1982).

"[I]mpartiality might reasonably be questioned" means a reasonable perception, of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates, seeking to judge shop and to gain a trial advantage, because both of their credibility is suspect from self-interest. *King v. State*, 246 Ga. 386, 390 (7) (271 SE2d 630) (1980). Recusal on this ground requires a rational basis for such questioning, not an arbitrary basis, even though no "actual impropriety on the part of the trial court judge" has been shown. Id.; accord *Birt v. State*, 256 Ga. 483, 486 (350 SE2d 241) (1986).

The trial judge, assuming the truth of any facts alleged, must determine the legal sufficiency of the grounds for such perception, whether "a reasonable person might conclude that the judge harbors a bias, stemming from an extra-judicial source, which is of such a nature and intensity that it would impede the exercise of impartial judgment. [Cit.]" *Wellons v. State*, 266 Ga. 77, 88 (18) (463 SE2d 868) (1995). If the trial judge determines that the motion was timely, that the basis for the perception is a legal basis, and that the motion raises a legitimate fact question of impartiality, then another judge must pass upon the factual issues.

"Any analysis of the necessity for recusal is necessarily fact-bound, requiring an examination of the nature and extent of any business, personal, social or political associations, and an exercise of judgment concerning just how close and how extensive (and how recent) these associations are or have been [to mandate recusal]." *Sears v. State*, 262 Ga. 805, 806 (426 SE2d 553) (1993).

These above standards were in part adopted from the federal statutes dealing with recusal but were made more flexible by Georgia appellate interpretation. *Pope v. State*, 257 Ga. 32, 34 (2) (354 SE2d 429) (1987). While the federal system called for automatic recusals in all cases where the affidavit set forth a legal basis for recusal, our Courts have rejected this procedure in favor of procedures adopted from other jurisdictions. *State v. Fleming*, 245 Ga. 700, 701-703 (1) (267 SE2d 207) (1980); *Isaacs v. State*, 257 Ga. 126 (355 SE2d 644) (1988).

If the trial judge knows that, for whatever reason, he or she cannot act fairly and impartially to both sides under the facts and circumstances of a case, then such judge is duty bound to recuse himself

or herself from that case.[3] A judge should not consider the public unpopularity of the cause or the parties; the convenience to the judge; or personal considerations in making a determination regarding a case. If the alleged grounds for sua sponte recusal are not timely and based upon a legal reason for recusal, then self-recusal is improper. The judge can and should recuse himself or herself "on grounds of personal prejudice and bias." *State v. Fleming*, supra at 702; accord *Birt v. State*, supra at 485. In a self-recusal, the trial court judge should go through the same steps of analysis as if the motion had been made in writing.

Keeping the above in mind, it is clear that the defendant herein seeks to use his *own* misconduct, in engaging in annoying and harassing telephone calls to the judge's chambers and the judge's appropriate response thereto, as grounds to compel the judge to recuse herself. Such conduct, if sanctioned by recusal, could lead to blatant misconduct on the part of parties or counsel to intentionally delay trials and to "judge shop" to gain an unconscionable advantage. The trial court, in explaining to the defendant why his jail telephone privileges had been restricted, stated at the sentencing hearing: "That is because you were basically harassing my office by calling us repeatedly from the jail phone. Even when we would tell you that you had an attorney and to please not call us back anymore, you would simply hang up and call back again, and this went on constantly throughout the day. So we had to call the jail to ask them to monitor your phone calls." Such response was reasonable, and the judge's comment demonstrates neither bias nor prejudice or what a reasonable person could perceive as such.

*In re Crane*, 253 Ga. 667 (324 SE2d 443) (1985), is distinguishable both on the law and facts from this case, because in that case the trial judge tried the party for criminal contempt for conduct in the judge's office and to which the judge was a witness. The Code of Judi-

---

[3] If such is not the case and there is a question of the legal sufficiency of the affidavit, timeliness, or the legal sufficiency of the grounds for recusal, then the judge must balance the question of perception of impartiality, as it may affect public confidence in a fair and impartial judiciary, against the judge's duties and responsibilities as a judge: (1) the orderly, efficient, and timely administration of all cases, i.e., to avoid or to reduce the back log of cases assigned; (2) the burden imposed by voluntary recusal on the work load of other judges; and (3) the duty owed to all parties to perform the duties of office, which may be harmed by delay. Thus, the judge must exercise discretion in deciding to voluntarily recuse one's self from a case absent a proper motion to recuse.

"[It is also a] well-settled rule *that it is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient* as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge. *United States v. Bray*, 546 F2d 851, 857 (10th Cir. 1976)." (Emphasis supplied.) *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980); accord *Collier v. Evans*, 205 Ga. App. 764, 765 (1) (423 SE2d 704) (1992). Such considerations, when a motion has been made by a party, are equally applicable when the judge must decide upon a voluntary recusal.

cial Conduct, Canon 3E (1) (c) (iv), clearly mandates that the judge step down from presiding over a case when the judge is likely to be a real and essential witness and where there is not substantially the same testimony available from another witness. See *Mayberry v. Pennsylvania*, 400 U. S. 455 (91 SC 499, 27 LE2d 532) (1971); *In re Crane*, supra at 668; *Dowdy v. Palmour*, 251 Ga. 135 (304 SE2d 52) (1983); *Williams v. State*, 250 Ga. 664, 665 (2) (300 SE2d 685) (1983); *Jarrard v. State*, 163 Ga. App. 99, 101 (3) (292 SE2d 488) (1982); *Spruell v. State*, 148 Ga. App. 99 (1) (250 SE2d 807) (1978). " 'Knowingly,' 'knowledge,' 'known,' or 'knows' denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances." See Sections 3D (1), 3D (2), and 3E (1). Code of Judicial Conduct: Terminology. However, a party cannot call a trial judge as a witness and cause a recusal, where either: (1) the judge was not an eyewitness; (2) the factual issue is not a legal ground for recusal, although not so ruled by the trial judge; or (3) there exists other available witnesses to prove the facts in issue other than the trial judge. See Canon 3E (1) (c) (iv); USCR 25.6; *McMichen v. State*, 265 Ga. 598, 607 (13) (458 SE2d 833) (1995).[4] In this case, the defendant was not tried by the trial court for criminal contempt for misconduct before the court. Thus, the trial judge was not subject to being called as a witness at her recusal hearing and certainly could not be recused as a potential witness in this case over which she was presiding, i.e., the motion to withdraw the guilty plea was heard after the recusal motion was denied.

"In order to be disqualifying the alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (Punctuation omitted.) *United States v. Grinnell Corp.*, 384

---

[4] Even if the movant for recusal seeks to call the judge to testify regarding the grounds for recusal, the judge selected to hear the recusal motion must first, in the exercise of discretion, decide to hear evidence and grant leave to call the judge as a witness at the hearing. USCR 25.6. If the judge hearing the recusal motion determines that the trial judge should not be recused, then being called as a witness at such recusal hearing would not automatically require recusal from subsequent proceedings in such case by such trial judge. The judge hearing the motion to recuse *should exercise extreme caution* in permitting the trial judge, against whom the motion has been brought, to be called as a witness, because the very process of examination or cross-examination of the judge may be such as to cause the perception of prejudice or cause the judge to "become so involved in a controversy that his [or her] objectivity could reasonably be questioned" by the treatment by movant's counsel intentionally. *Isaacs v. State*, supra at 128. While the motion may be without legal grounds, the hearing process may through indirection achieve what the movant could not achieve directly. Where there is no other available witness as to the subject of inquiry and the subject of inquiry is relevant and material to the motion and does not invade the privileged thought processes of the judge in reaching prior rulings should the hearing judge permit the trial judge to be examined; then, only the hearing judge can protect the trial judge from being abused as a witness.

U. S. 563, 583 (86 SC 1698, 16 LE2d 778) (1966); accord *Birt v. State*, supra at 486; *Carter v. State*, 246 Ga. 328, 329 (271 SE2d 475) (1980). The alleged bias of the judge must be "of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment." (Citation and punctuation omitted.) *Jones v. State*, 247 Ga. 268, 271 (4) (275 SE2d 67) (1981); accord *Birt v. State*, supra at 486; see also *In re Phillips*, 225 Ga. App. 478 (484 SE2d 254) (1997); *In re Shafer*, 215 Ga. App. 520 (451 SE2d 121) (1994).

The fact that the judge has sat on prior cases of the party or ruled on prior matters in the case before the judge is legally insufficient as a grounds for recusal. *Collier v. Evans*, 205 Ga. App. 764, 765 (423 SE2d 704) (1992); *Penney v. State*, 157 Ga. App. 737 (1), 738 (278 SE2d 460) (1981).

Even when the defendant sued the trial judge, arising out of the case before the judge, such suit did not provide grounds for recusal; otherwise, parties could file frivolous suits against the trial judge for delay and to judge shop. *Mapp v. State*, 204 Ga. App. 647, 649 (4) (420 SE2d 615) (1992). "Prejudice, bias or prejudgment or even an exhibition of partisan feeling, when not arising from the statutory grounds, is ordinarily not assignable as a ground [for] disqualification." (Citation and punctuation omitted.) *Moon v. State*, 154 Ga. App. 312, 314 (4) (268 SE2d 366) (1980); accord *Brannen v. Prince*, 204 Ga. App. 866, 868 (3) (421 SE2d 76) (1992).

As recently as Ga. L. 1993, p. 981, the General Assembly amended OCGA § 15-1-8, which statutorily established the grounds for judicial recusal, as opposed to the procedure and interpretation provided by case law. "OCGA § 15-1-8 pertinently provides that a judge shall not sit in any case in which he has a pecuniary interest, a familial relationship with a party, or in any case in which he previously served as counsel or judge. The grounds for recusal in OCGA § 15-1-8 are exclusive and exhaustive, and courts may not add other grounds of disqualification to those stated in the statute. (Cits.) *Johnson v. State*, 208 Ga. App. 453, 454 (430 SE2d 821) (1993). None of these circumstances is applicable in the instant case." (Punctuation omitted.) *Bevil v. State*, 220 Ga. App. 1, 3 (6) (467 SE2d 586) (1996); accord *Daniel v. Yow*, 226 Ga. 544, 546 (2) (176 SE2d 67) (1970); *Stevenson v. Stevenson*, 222 Ga. 47, 50 (3) (148 SE2d 388) (1966); *Blakeman v. Harwell*, 198 Ga. 165, 170-173 (1) (31 SE2d 50) (1944); *Mapp v. State*, supra at 649. Since none of these circumstances is applicable herein, there was no error.

2. Defendant next alleges that he was denied fundamental due process of law when the trial judge, pursuant to defense *motion*, did not recuse herself from presiding over defendant's motion to withdraw his guilty plea. Neither due process rights, nor any other rights of defendant, were violated by the trial judge in denying the motion

to recuse as untimely made, which was done prior to ruling on the motion to recuse.

The defendant was aware of his own conduct in relationship to the trial judge and the staff of the judge, regarding the numerous telephone calls he made to the judge's chambers from the jail. Further, the trial court mentioned on the record such conduct of the defendant in the plea hearing on November 4, 1996. In addition, under USCR 25.1, there is no provision for any discovery to find a basis for recusal, because the movant for recusal is supposed to have all the evidence of the grounds at the time the motion is filed to prevent such motion from being a tool for delay, and the trial court is to rule on the motion immediately. A motion to recuse places the case in limbo until the motion has been decided and discovery would only prolong such delay. "All motions . . . shall be timely filed in writing and *all evidence thereon shall be presented* by accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded." (Emphasis supplied.) USCR 25.1. Further, when a motion to recuse is filed, the trial judge shall immediately determine: (1) the timeliness of the motion; (2) the legal sufficiency of the affidavit; and (3) the legal sufficiency of the grounds, and has no power to do anything else in the case. See *Birt v. State*, supra at 484; *State v. Fleming*, supra at 702; *Stephens v. Ivey*, 212 Ga. App. 407 (2), 408 (442 SE2d 248) (1994); *Houston v. Cavanagh*, 199 Ga. App. 387, 388 (405 SE2d 105) (1991); *Penney v. State*, supra at 738.

Moreover, USCR 25.1 reads: "Filing and presentation to the judge shall be not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause be shown for failure to meet such time requirements. In no event shall the motion be allowed to delay the trial or proceeding."

The plea was entered on November 4, 1996. The motion to withdraw the guilty plea was filed on December 17, 1996. The motion to recuse was filed on January 7, 1997, and the motion states that the transcript of the plea hearing was available to the defendant on December 17, 1996. Thus, even if the defendant did not tell defense counsel of the grounds of defendant's conduct or what the judge stated at the plea hearing on November 4, 1996, defense counsel knew or should have known of the grounds no later than December 17, 1996. On January 22, 1997, the trial court ruled that the motion to recuse was not timely. The motion to recuse was, in fact, untimely, and there was no error in denying such. See *Wellons v. State*, supra at 88-89; *Pope v. State*, supra at 34-36; *Birt v. State*, supra at 484; *Birt v. State*, 255 Ga. 693 (342 SE2d 303) (1986); *Hunnicutt v. Hunnicutt*, 248 Ga. 516, 518-519 (1) (283 SE2d 891) (1981); *Stephens v. Ivey*,

supra at 408.

3. The third enumeration of error is that the defendant's request to withdraw his guilty plea should have been granted, because the guilty plea was not freely and voluntarily given since the plea was a result of judicial coercion and ineffective assistance of trial counsel. The trial court did not err in denying the motion to withdraw the guilty plea.

This case does not come within *Skomer v. State*, 183 Ga. App. 308, 309-310 (358 SE2d 886) (1987), because the trial court did not participate in the plea negotiations, although the trial court was made aware of the position of each party. Properly, the trial court refused to prejudge the case by stating what sentence would be imposed if the defendant rejected the plea, went to trial, and was convicted, because the sentence would depend upon the evidence presented at the trial and sentencing, either aggravating or mitigating.

The defendant, against the advice of counsel, argued his case to the judge at length prior to entering a guilty plea. Defense counsel told the defendant in open court that he had a right to trial by jury and should follow such course. The trial court told the defendant that if he were to plead guilty that the sentence would be 15 years to serve, but he could go to trial that day and she would not prejudge the sentence. The defendant entered a guilty plea of his own volition.

After defendant entered his guilty plea, the record shows that the trial judge gave the defendant notice of his constitutional rights and that an adequate factual basis existed in order to determine that a crime had been committed. *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969); *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995); *Green v. State*, 265 Ga. 263 (454 SE2d 466) (1995); *Breland v. Smith*, 247 Ga. 690 (279 SE2d 204) (1981); *Minchey v. State*, 155 Ga. App. 632 (1) (271 SE2d 885) (1980). The defendant entered the guilty plea freely, knowingly, and voluntarily. *Strickland v. State*, 199 Ga. 792 (35 SE2d 463) (1945).

Further, the defendant failed to satisfy the two-part test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to show that trial counsel's conduct fell below a reasonable standard of care or that there was a reasonable probability that, but for counsel's alleged error, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985); accord *Tarwater v. State*, 259 Ga. 516, 518 (383 SE2d 883) (1989); see also *Thompson v. Greene*, 265 Ga. 782, 784-785 (2) (462 SE2d 747) (1995); *McCants v. State*, 222 Ga. App. 75, 77-78 (1), (2) (473 SE2d 514) (1996); *Minchey v. State*, supra at 633-634. The defendant failed to establish the ineffective assistance.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 18, 1997 —
RECONSIDERATION DENIED DECEMBER 5, 1997 —

*Dwight L. Thomas*, for appellant.
*J. Tom Morgan, District Attorney, Gregory J. Lohmeier, Melissa L. Himes, Assistant District Attorneys*, for appellee.